Latham v. Brown.

LATHAM v. BROWN *et al.*

1. BOND: LIABILITY OF SURETIES. The sureties on the bond of a justice of the peace are liable for a breach of the same by receiving notes for collection while in office, and refusing to deliver them either to the owner thereof, or to his successor in the office, at the expiration of his term.

2. MEASURE OF DAMAGES: CONVERSION OF NOTES. The amount of promissory notes delivered to a justice of the peace for collection, and wrongfully converted to his own use, is *prima facie* the measure of damages for such conversion; but the insolvency of the makers may be shown in mitigation of damages.

3. PRESUMPTION. When the evidence is not all embraced in the record, it will be presumed that it was sufficient to sustain the verdict.

*Appeal from Cedar District Court.*

TUESDAY, APRIL 19.

SUIT on the official bond of a magistrate, executed by the defendant, Brown, as principal, and his codefendants as sureties. In July, 1861, plaintiff deposited with said Brown, as Justice of the Peace, for collection, notes of hand on various persons, to the amount of $143.85; and took his receipt for the same. In his petition, the plaintiff alleges that Brown, although requested so to do, has not paid over to plaintiff the proceeds of said notes; nor after demand has he returned said notes to the plaintiff, but has refused to do either; nor has he delivered said notes, or

Latham v. Brown.

the proceeds thereof, to his successor in office, but has wrongfully converted the same to his own use.

Brown, in his answer, denies the conversion of said notes to his own use. Also, he alleges, that originally they were evidences of indebtedness due to himself; that he transferred the same to the plaintiff as collateral security for a debt which he owed one James A. Minor; that he did receive them back, and receipt for their collection, as Justice of the Peace; that upon three of the notes, amounting to ———, he had obtained judgment; that he had collected five dollars in cash on the remaining notes, and paid the same to plaintiff; that the balance of the notes uncollected, were nearly valueless, not worth over twenty cents on the dollar; that they were at the disposal of the plaintiff, and he accordingly tendered them back.

These allegations were denied by plaintiff. The cause was tried by the Court, without finding the facts; and after overruling a motion for a new trial, a judgment was rendered for the plaintiff in the sum of $75 (being about the face of the notes, less the judgments on three of the notes, and five dollars cash paid), against the principal and sureties on the bond. The latter, that is the sureties, take the appeal.

*Piatt & Spicer* for the appellant.

No appearance for the appellee.

LOWE, J.—In effect, the record raises but two questions for our determination : First, Whether the sureties on a magistrate's bond are liable for the conversion of notes before collection placed in the principal's hands for that purpose; if so, secondly, what should be the measure of damages, when the conversion is shown to have taken place.

In regard to the first question, the evidence in this case very clearly shows that the notes in question were received

and receipted for by Brown, in his capacity, as justice of the peace, for the purpose of collecting the same; that soon thereafter his office expired, and he ceased to act as a magistrate. In delivering to his successor the books, papers, securities, and other property appertaining to his said office, he failed to pass over, as the law and the covenants of his bond required him to do, these notes. When afterwards a demand was made of him for those securities, he accompanied his refusal with an expletive, intended to add flavor and emphasis to the same, but to repeat which would not be very ornamental to this opinion. Nevertheless, we have no hesitation in declaring, that his failure to deliver over these notes to his successor, or afterwards to the plaintiff on demand, is in law such a conversion of the same, as to render him and his sureties liable on the official bond. It is conceded that the sureties would be liable if their principal had failed to account for money which had gone into his hands, as a collecting magistrate. In principle, the difference between this and a failure to account for choses in action, placed in his hands for collection, in his capacity as justice of the peace, is not readily perceived. It is, in our opinion, as much the policy of the law to guard against the mischief of the one as the other. Certainly the nature of the wrong is the same in both cases, whilst the consequences may be the same to the injured party. With regard to the question of the measure of damages, or whether the judgment of the Court was not excessive, under the circumstances detailed in the evidence, we find that the same was about for the amount of the face of the notes (not reduced to judgments, or collected), in the hands of Brown, when the demand was made; and this is *prima facie* the measure of damages, where notes, or choses in action have been improperly converted. See Sedg. Meas. Dam., 488; 2 Pars. Cont., 471; 1 Cow., 240; *Ingals* v. *Lord*, 2 Rawle, 241; *Raming* v. *Raming*. It is

true that, by these same authorities, it is competent for the defendant, in mitigation of damages, to show the insolvency of the makers of the notes, payment in whole or in part, or any other facts tending directly to reduce their value. And this was done, to some extent, by the testimony of Brown himself; and if his was all the testimony introduced on trial upon this subject, it would be difficult to say that the judgment was not clearly against the weight of evidence. But the record entirely fails to show that this was all the evidence offered on this branch of the defense; and hence it is to be presumed, that there was sufficient to justify the judgment that was rendered; and the same will be

Affirmed.