Tomblin v. Ball.

moved to dissolve the injunction on the ground, among others, that plaintiff had a plain and adequate remedy at law. The motion was overruled, and from this order of the court defendant appeals.

*Scales & Cassidy,* for appellant.

No appearance for appellee.

**1. LANDLORD and tenant: lien for rent: attachment.**

REVERSED.

---

TOMBLIN v. BALL.

1. **Practice in the Supreme Court:** ASSIGNMENT OF ERRORS. While an assignment of errors need follow no specified form, it must, nevertheless, point out in a manner as specific as possible the very error objected to. An assignment in the words: "The court erred in rendering judgment for the appellee," was held insufficient.

*Appeal from Pottawattamie Circuit Court.*

MONDAY, JUNE 11.

THE substantial averments of the petition are as follows: In May, 1875, the defendant employed the plaintiff to pur-

chase for him, in Chicago, five thousand bushels of wheat, to be delivered in the month of June following, and requested the plaintiff to make such advance on said purchase as might be required. In pursuance of such request plaintiff purchased through Ives Bros. & Co., of Chicago, five thousand bushels of wheat to be delivered in June, 1875. The required advance thereon was $500, and plaintiff advanced the same out of money he had in the hands of Ives Bros. & Co. Out of the proceeds of said wheat, plaintiff received back the sum of $137.42. The balance of said advance is $362.58, no part of which has been paid, and for which he demands judgment.

The answer denied each and every allegation of the petition. A jury was waived. There was trial by the court and judgment rendered against plaintiff for costs, and he appeals.

*Sapp & Lyman*, for appellant.

*L. W. Ross* and *Smith & Carson*, for appellee.

ROTHROCK, J.—I. There is but one assignment of error. It is in these words: "The court erred in rendering judgment for the appellee." It is objected that the assignment is too general and should be disregarded. We think the objection well taken. It is impossible to determine from this assignment, without reference to the argument of counsel, the particular error of which complaint is made. "An assignment of error need follow no stated form, but must in a way as specific as the case will allow, point out the very error objected to. * * * * * * The court will only regard errors which are assigned with the required exactness." Code, Sec. 3207.

1. PRACTICE in supreme court: assignment of errors.

We are the more ready to enforce the rule in this case because, in our opinion, the objection made to the judgment in the argument is not well taken. It is insisted that the judgment is contrary to the evidence. We think otherwise.

AFFIRMED.