## WOOD & CO. v. HALLOWELL ET AL.

1. **Practice in Supreme Court:** CONSIDERATION OF ERRORS. This court cannot consider errors assigned, but not argued, nor errors not assigned with sufficient exactness.

2. **Instructions:** NOT RELEVANT TO PLEADINGS OR EVIDENCE. The trial court rightly refused to give an instruction not called for by the pleadings nor supported by the evidence.

3. **Assignment of Error:** TOO GENERAL. An assignment of error, that the verdict is contrary to the law as given by the court, is too general to demand the attention of this court.

4. **Practice in Supreme Court:** EVIDENCE TO SUPPORT VERDICT: INSUFFICIENT ABSTRACT. The objection that the verdict is not supported by the evidence cannot be considered where the abstract does not purport to contain all the evidence.

*Appeal from Lee Circuit Court.*

FRIDAY, MARCH 19.

ACTION to recover for intoxicating liquors. There was a trial to a jury, and verdict and judgment were rendered for the plaintiffs. The defendants appeal.

*D. N. Sprague* and *R. M. Marshall*, for appellants.

*Hagerman & McCrary*, for appellees.

ADAMS, CH. J.—The plaintiffs are doing business as partners in Louisville, Kentucky. As such they sold whisky to the defendant A. E. Hallowell, and they allege that the same was also sold to the defendant M. D. Hallowell, as a partner of A. E. Hallowell. The defendants reside in Keokuk, Iowa. The order for whisky was forwarded from Keokuk to the plaintiffs, at Louisville, by one Mills, who was acting as the plaintiffs' agent. The defendants averred in their answer that the whisky was sold in violation of the laws of Iowa, and the defendant M. D. Hallowell denied that she was a partner of A. E. Hallowell, and denied that the plaintiffs sold her any whisky.

We do not find anything in the abstract denominated an "assignment of errors." We are inclined to think, however, that the defendants intended to make an assignment of errors, and shall treat as such a paper which was filed in the following words:

"BILL OF EXCEPTIONS.

"(1) The court erred in refusing to give instructions eight and nine, on page twenty-four. (2) The verdict of the jury was clearly against the evidence and the law given by the court. Jury rendered a verdict of $338 against A. E. & M. D. Hallowell."

We cannot consider errors assigned, but not argued, nor

Wood & Co. v. Hallowell et al.

errors not assigned with sufficient exactness. No allusion is made in argument to the refusal of the court to give the eighth instruction asked by the defendants, and the error assigned upon such refusal must be deemed waived. The second assigned error is too general.

The ninth instruction asked by the defendants, and refused by the court, is in these words: "The laws of Kentucky regarding the sale of intoxicants is presumed to be the same as the laws of Iowa, unless proof has been introduced to show that their statute was different, and the sale of liquors in Kentucky would be presumed as illegal." We see no error in refusing this instruction. The defendants did not plead that the sale was made in Kentucky, and in violation of the laws of Kentucky. On the other hand, they pleaded that the sale was made in Iowa. Besides, the statutes of Kentucky were introduced in evidence, and it seems to be undisputed that such a sale as that in question would not be illegal in Kentucky.

There remains to be considered only the second assigned error. As to the proposition which it contains, that the verdict is contrary to the law as given by the court, we have to say that is too general. It is not contended, and could not properly be, that the verdict is contrary to all the law given by the court. In argument a certain instruction is set out, and it is contended that the verdict was contrary to such instruction. But no one reading the assignment would have any knowledge as to what instruction is referred to. It is true the plaintiffs' counsel do no raise this objection, but an assignment of errors is for the benefit of the court as well as counsel.

As to the proposition contained in the assignment that the verdict is contrary to the evidence, it is sufficient to say that the abstract does not purport to contain all the evidence.

AFFIRMED.