### KIRK v. LITTERST.

1. **Practice on Appeal:** INSTRUCTION NOT EXCEPTED TO. An instruction not excepted to will not be reviewed.

2. ———: SUBMISSION TO JURY NOT EXCEPTED TO. Appellant cannot be heard to complain that the court submitted the case to the jury without any evidence to sustain the petition, where it does not appear that he excepted to such submission at the time, or asked the court to direct a verdict in his favor.

3. **Practice:** MOTION IN ARREST OF JUDGMENT: OFFICE OF. A motion in arrest of judgment is provided where the facts stated in the petition do not entitle the plaintiff to any relief; (Code, § 2650;) but such a motion is properly overruled when based on the ground of want of evidence to sustain the verdict. A motion for a new trial is the proper remedy in that case.

4. **Assignment of Error:** NOT SUFFICIENTLY SPECIFIC. An assignment of error that the court erred in overruling a motion for a new trial, where the motion was based upon eight grounds, is not sufficiently specific to be considered.

5. ———: JUDGMENT ON VERDICT. An assignment of error that the court erred in rendering judgment against defendant upon the verdict, in the absence of necessary evidence, raises no question for consideration, where the verdict is not assailed; for judgment follows, of course, if the verdict stands.

*Appeal from Cass District Court.*

SATURDAY, MARCH 5.

THIS action was brought under section 1539 of the Code to recover, in behalf of the school fund, a statutory penalty for selling intoxicating liquors to minors. A verdict and

| 71 | 71 |
| 78 | 476 |
| 71 | 71 |
| 81 | 369 |
| 71 | 71 |
| 94 | 198 |
| 71 | 71 |
| 98 | 111 |
| 71 | 71 |
| 105 | 604 |
| 71 | 71 |
| 106 | 454 |
| 71 | 71 |
| 135 | 78 |

judgment were rendered for the plaintiff for $200. The defendant appeals.

*L. L. DeLano*, for appellant.

*John Hudspeth* and *Temple & Phelps*, for appellee.

Adams, Ch. J.—The plaintiff averred that he was a citizen and resident of Cass county. The defendant pleaded a general denial, except as to the ownership of a certain lot. No evidence of citizenship was offered.

I. The defendant assigns as error that the court erred in instructing the jury that the plaintiff was entitled to recover

1. PRACTICE on appeal: instruction not excepted to. in the absence of testimony showing that the plaintiff was a citizen of Cass county, Iowa. But the instruction does not appear to have been excepted to. We cannot review an instruction not excepted to.

II. The defendant assigned as error that the court erred in submitting the cause to the jury upon the testimony

2. ——: submission to jury not excepted to. adduced upon the trial, because there was no evidence sustaining the allegation of the plaintiff's petition that the plaintiff was a citizen of Cass county, Iowa. But the defendant did not at the time except to the action of the court in this respect. If the plaintiff had really failed to show himself entitled to recover, the defendant should, we think, have moved the court to direct a verdict in his favor, or should have asked an instruction to that effect; and if the court overruled him he should have excepted.

III. The defendant assigned as error that the court erred in refusing to sustain his motion in arrest of judgment,

3. PRACTICE: motion in arrest of judgment: office of. based upon a lack of proof of citizenship. If there was a lack of evidence to sustain the verdict, the defendant's remedy was to move for a new trial. He in fact made such motion, and the court ruled upon the question of the sufficiency of the evidence in

ruling upon the motion for a new trial. A motion in arrest of judgment is provided where the facts stated in the petition do not entitle the plaintiff to any relief. Code, § 2650. We see no error in overruling the motion in arrest.

IV. The defendant assigned as error that the court erred in overruling the defendant's motion for a new trial. But

**4. ASSIGN-MENT of error: not sufficiently specific.** the motion for a new trial was based upon eight grounds. The assignment is not sufficiently specific. It is manifest that, under such an assignment, as many different errors might be argued as there were stated grounds for a new trial. Such an assignment has been repeatedly held to be defective.

V. The defendant assigned as error that the court erred in entering a judgment against the defendant upon the ver-

**5. ——: judgment on verdict.** dict in the absence of proof of the plaintiff's citizenship. But the entry of judgment followed, of course, if the verdict was to stand. The error, if any, was in not granting a new trial on the ground of a lack of evidence; but, as we have seen, such error was not specifically assigned. Some of the members of the court do not think that the allegation of the plaintiff's citizenship was properly put in issue by a mere general denial. Possibly we should have reached an affirmance upon that ground, if we had thought it necessary to examine the question; but we did not so think.

The judgment must be

AFFIRMED.