GILTRAP v. WATTERS *et al.*

1.    **Appeal**: TRIAL DE NOVO : WHAT EVIDENCE TO BE CERTIFIED.    In order to a trial *de novo* in this court, not only the evidence introduced, but that offered, must be certified.    (See Code, sec. 2742.)

2.    ———: ASSIGNMENT OF ERRORS : EQUITY CASE : TOO GENERAL. Where an equity case appealed to this court cannot be tried *de novo* on account of a failure to certify all the evidence, it cannot be tried upon an assignment of errors which raises only the question as to what the court should find from the evidence ; for that would only be a trial *de novo* under another name.

3.    **Quieting Title** : DENYING JUDGMENT UPON DEFAULT : NO PREJUDICE.    In an action to quiet title brought against W. and his grantees, although the grantees were in default, the court dismissed the petition as to all.    *Held* not prejudicial error, since the judgment as to W. could not be reversed, and therefore judgment against his grantees in default could have availed plaintiff nothing.

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN,  Judge.

FILED, FEBRUARY 4, 1889.

THIS is an action to quiet the title in plaintiff to certain real estate in Jones county.    The court below dismissed the petition, and the plaintiff appeals.

Giltrap v. Watters.

*Sheean & McCarn*, for appellant.

*E. Keeler* and *Remly & Ercanbrack*, for appellees.

GRANGER, J.—I. The appellees present the question that this case is not triable *de novo* in this court, for the reason that the certificate of the judge does not meet the requirements of section 2742 of the Code. The appellant's abstract does not set out the certificate, but contains a statement with reference to it which, if true, would be sufficient. The appellees file an amended abstract, setting out the certificate, showing that the testimony is that introduced, and not that offered, on the trial. Under repeated rulings of this court, this is a fatal defect, where a trial anew is sought. In fact, we think the appellant concedes this question, as the point is first presented by appellees, and no reply is presented, nor in fact do we see how the question could be successfully met.

II. The abstract contains an assignment of errors, and no question is made of our right to try the cause on assignment of error, but appellees insist that the assignment is insufficient. The first assignment is as follows: "Court erred in refusing to quiet plaintiff's title against the defendants in default." The nine other assignments present only questions of what the court should find from an examination of the testimony, and the ninth is that "the court erred in dismissing plaintiff's petition, and rendering judgment against plaintiff for costs." It needs no argument to show that the consideration of such an assignment would lead to a trial of the cause anew, for it could only be determined on an examination of the testimony. It is only an indirect way of leading the court to do that which it could not do directly. The other assignments are open to the same objection. They are too general. See Code, sec. 3207; *Tomblin v. Ball*, 46 Iowa, 190.

III. If there was error as to the first assignment, it is entirely without prejudice, as the defendants in

default are the grantees of the appellees, and a judgment by default as to them could be of no avail, if the present judgment is to stand, and. we think it must. This disposition of the case renders it unnecessary to pass upon the motions filed.

AFFIRMED.