# Dexter *v.* Ohlander.

*Action on Written Contract for Payment of Money.*

93  441<br>131 218

1. *Contract of agent, binding on himself.*—When an agent makes a contract for the payment of money, signing his own name, and failing to bind his principal, the contract is binding on himself personally.

2. *Written contract for payment of money, in consideration of relinquishment of lease and surrender of possession; oral evidence explaining or varying.*—A writing signed by defendant, in these words, "I have received from A. O. [plaintiff] a relinquishment to his lease with L. in consideration of $150 to be paid him in ten days," is binding on defendant personally, and a recovery may be had against him on proof of plaintiff's surrender of his lease and possession; and while oral evidence is admissible to show that defendant was acting as the agent of a syndicate, who desired to buy the property for church purposes, and to get rid of plaintiff's lease and possession of the premises, it can not be received to show that the payment of the money was conditional and dependent on the consummation of the contract of purchase.

[Dexter v. Ohlander.]

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Aug. Ohlander against R. P. Dexter, and was founded on a written instrument signed by the defendant, which was dated Montgomery, Ala., Aug. 27th, 1887, and in these words: "I have received from Mr. A. Ohlander a relinquishment to his lease with L. Lawall, for consideration of one hundred and fifty dollars, to be paid him in ten days, and use of the premises until Nov. 12th, 1887, free of rent." The complaint contained two counts, as follows: (1.) Plaintiff claims of defendant $150, with interest, &c., "due to plaintiff from defendant on an agreement made between them on, to-wit, August 27th, 1887, by which defendant promised to plaintiff, in consideration of the surrender by plaintiff of a certain lease held by him on certain premises," describing them, "to defendant, that he, said defendant, would pay to plaintiff $150, within ten days from said date, and would permit plaintiff to retain possession of said premises, free of rent, until the 1st November, 1887; and plaintiff avers that he surrendered said lease *to defendant*, and moved out, and gave up the possession of said premises on the 1st November, 1887, according to the terms of the agreement, but that defendant fails and refuses to pay," &c. (2.) "Plaintiff claims of defendant the further sum of $150, for that whereas, on and before the 27th August, 1887, plaintiff was in possession of the house and lot," describing the premises, "under and by virtue of a certain lease before that time executed by and between the plaintiff and one Louis Lawall; by which said lease plaintiff, for a valuable consideration, became entitled to the possession of said property from the 1st day of July, 1887, to the 1st day of June, 1892; that on said 27th August, 1887, defendant and plaintiff entered into a contract by which plaintiff, for and in consideration of occupying said premises until the 1st day of November, 1887, and the sum of $150 to be paid in ten days after said 27th August, 1887, agreed to relinquish, and did relinquish *to said defendant*, plaintiff's said lease from said Lawall; and defendant executed, in accordance with said contract, and delivered to said plaintiff, a paper of which the following is a copy," setting out the written instrument; "and plaintiff avers that, in accordance with said contract, he did relinquish his said lease, and on the 1st day of November, 1887, surrendered the possession of said premises *to the defendant*, and moved away from the said premises, but defendant has failed and refused to pay," &c.

After the remandment of the cause on the former appeal (89 Ala. 262), the plaintiff amended each count of the com-

plaint, by striking out the words "*to the defendant*," as above italicized.   The defendant demurred to the complaint on account of this amendment, but his demurrer was overruled; and he then pleaded the general issue, want of consideration, and failure of consideration, besides several special pleas to which demurrers were sustained.   These special pleas averred, in substance, that the written instrument sued on was not executed as or for a note, or unconditional promise to pay the $150 therein specified, but only as a receipt in acknowledgment of another written instrument, which the plaintiff had executed and delivered to the defendant, and that the payment of the money was conditional and dependent on the consummation of a contract for the purchase of the property by a syndicate of which defendant was a member, and for whom he was acting.   It is unnecessary to set out these pleas, as the same questions presented by them also arose on the evidence offered and excluded on the trial.

The plaintiff testified on the trial, that in August, 1887, he was in possession of the premises described in the complaint, under a lease from L. Lawall, which he produced, and which was admitted in evidence against the objection and exception of the defendant; that the defendant, who was a real estate agent in Montgomery, "came to him to get a surrender of his lease, in order that he might effect a sale of the property to the M. E. Church; that defendant, after some negotiations between them executed the paper marked Exhibit A, which truly expressed the contract between them, and which was here offered in evidence; that he looked to the defendant alone for the payment of the money agreed to be paid; that he moved out of the leased premises on the 31st October, 1887, as he had agreed to do, and surrendered the keys to Knabe & Scott, who represented themselves as Lawall's agents, and from whom he had received said written lease, Exhibit C; that he had not given up said written lease, but had it in his possession, and was willing to give it up on payment of the $150; that he never executed any writing assigning or surrendering the lease, and did not notify defendant, but Knabe & Scott as agents for Lawall, of his vacating the premises and delivering the keys to them; that he never made any demand on defendant for the payment of the money until this suit was brought, and never offered to deliver possession of the premises or surrender the lease to defendant."   Plaintiff testified, also, that before defendant signed and delivered to him the said writing sued on, Exhibit A, he had signed and delivered to defendant another writing, called Exhibit B, which was read in evidence, dated August 27, 1887, and in these words:   "In considera-

[Dexter v. Ohlander.]

tion of $150, to be paid to me within the next ten days, and to allow me to continue in the use of the store-house on the north-west corner of Dexter avenue and Bainbridge street, for the use of storing furniture, until Nov. 1st next, free of charge, I agree to relinquish and give up all my right and claim to above-mentioned store-house, that I have by virtue of a five years lease with Mr. L. Lawall." Mr. Knabe, of the firm of Knabe & Scott, a witness for plaintiff, corroborated his statement as to the surrender of the keys to them; but said that plaintiff, when doing so, said that he was acting under the advice of his attorney; and the witness added, "that he never notified defendant of this."

The defendant, testifying for himself, "stated that a syndicate was negotiating for the purchase of said property for a church; that he was a member of the syndicate, and was acting as agent for them in the purchase, and that plaintiff was so informed." He then further offered to testify as follows: "That the negotiations between him and plaintiff resulted in an offer by plaintiff to surrender the lease, if defendant's principals should, within ten days from that date, pay him $150, and allow him the use of the premises, free of rent, until the 1st day of November thereafter; that plaintiff, at his request, put this offer in writing, which is said Exhibit B; that this writing was signed by plaintiff, and delivered to him, as a written offer; that he thereupon wrote and delived to plaintiff said Exhibit A, only as and for a receipt for Exhibit B, and not as a promise to pay;" also, "that said Exhibit A was executed and delivered by defendant, and was received by plaintiff, only as and for a receipt for said Exhibit B, and not for any other purpose;" also, "that the agreement between him and plaintiff was dependent upon, and not to become operative until the consummation of the contemplated purchase of the property;" also, "that the word *relinquishment*, in Exhibit A, referred to said writing Exhibit B, and the words *for consideration of $150 to be paid him in ten days, and use of the premises until Nov. 1st, 1887, free of rent*, are descriptive only of said Exhibit B, and were not intended by either plaintiff or defendant as containing any promise or undertaking on the part of defendant." On objection by plaintiff, the court excluded each part of this proposed evidence, and the defendant excepted. The defendant also introduced one Agee as a witness, who was present at the interview between plaintiff and defendant, and who testified that plaintiff, after he had signed Exhibit B, said to defendant, "Now give me a receipt for it;" and that defendant thereupon wrote and signed Exhibit A, and delivered it to plaintiff as a receipt." The court excluded

this evidence, on objection by plaintiff, and defendant excepted.

This being all the evidence, the court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence. The defendant excepted to this charge, and he here assigns it as error, with the rulings on the pleadings and evidence.

THORINGTON & SMITH, for appellant, cited 1 Greenl., Ev. 5th Ed., 362, note; *Ib.* §§ 277, 282, 284*a*, 286, 291; Taylor on Evidence, § 1109; *Gray v. Harper*, 1 Story, 574; 75 N. Y. 579; 6 El. & Bl. 370; 8 Ad. & El. 834; 2 Chitty's Pl. 277-8; 25 L. J. C. P. 91; 27 L. J. Exch. 34.

WATTS & SON, and E. P. MORRISSETT, *contra,* cited *Dexter v. Ohlander*, 89 Ala. 262; *Long v. Davis*, 18 Ala. 801; *West v. Kelly*, 19 Ala. 353; 2 Porter, 542; 1 Greenl. Ev., § 60; *Wood v. Brewer*, 73 Ala. 259.

STONE, C. J.—This is the second appeal in this case. *Dexter v. Ohlander*, 89 Ala. 262. When the case was tried a second time in the Circuit Court, the rulings were in strict accord with the principles declared by this court on the former appeal. We are asked to reconsider and reverse what was then said.

On the former appeal it was said, "that the whole purpose and effort of the defendant [Dexter] was to get the lease out of the way, so that a sale might be effected, either by him, as the agent of the owner, or to him as the agent, as well as one of the syndicate; and the contract which he induced the plaintiff to enter into had the desired effect of removing the outstanding lease, and possession under it, out of the path of the pending negotiations." This is a true summation of the transaction in its legal bearing, whether we view it from the standpoint of the writing alone, or aided by the surrounding circumstances. Ohlander was in possession of the premises under a five years lease. He bound himself to surrender that possession and the lease, the possession to be surrendered November 1, next afterwards, in consideration of one hundred and fifty dollars to be paid to him within ten days after the making of the contract—August 24, 1887. Not a word of condition is expressed in the writings. The money, $150, was to be paid to Ohlander in ten days, and he was to surrender possession and all right to possession in a little over two months. And he kept his promise, and surrendered the possession. Is he to lose the benefit of his lease, and get no compensation for it?

[Dexter v. Ohlander.]

A written assurance was given him that, for the surrender of his lease, he was to be paid one hundred and fifty dollars in ten days. By whom to be paid? Dexter signed the writing, and it gives no indication that he was contracting as agent. If he was agent of any one, it is not shown in the writing. Even if his intention had been to bind another as his principal, he failed to express that intention, and thereby bound himself.— *Wood v. Brewer*, 73 Ala. 259; *Belisle v. Clark*, 49 Ala. 98; *Jones v. Morris*, 61 Ala. 518.

It is contended for appellant that the attendant facts—the surrounding circumstances attending the making of the written agreement in this case—show that Dexter did not bind, and did not intend to bind himself personally to pay the one hundred and fifty dollars. What were the surrounding circumstances which the rule declares we may look to, in determining the meaning of the writing? The syndicate desired to purchase the lot, and obtain early possession of the premises, for use as a house of religious worship. This could not be accomplished, by reason of Ohlander's occupancy under a lease, having several years to run. To carry out their wish and aim, Ohlander must surrender the lease and vacate the premises. These were the attendant facts, this the situation. *Chambers v. Ringstaff*, 69 Ala. 140. These conditions, or surrounding circumstances, if proved, shed no light on the interpretation of the writings. They still remain an absolute stipulation that Ohlander shall be paid one hundred and fifty dollars in ten days, and that he shall surrender his lease and the possession of the premises by the 1st day of November then next.

It was further sought to prove by testimony *aliunde* that, when the papers were executed, the trade between Lawall, the owner, and the syndicate had not been perfected, and that Ohlander knew it. Perhaps this too was permissible, but it does not aid the defense set up. A still further step was necessary, and the defense sought to take it. That step was indispensable to the defense relied on. The offer was to prove by oral testimony that Ohlander was not to be paid the one hundred and fifty dollars, unless the trade between Lawall and the syndicate was consummated. That would have been to vary the terms of the writing by parol proof—to incorporate in the written contract, by oral testimony, a clause that is palpably repugnant to the writing. This is inadmissible under all the authorities.—3 Brick. Dig. p. 413, §§ 97, 98, 102; *Day v. Thompson*, 65 Ala. 269.

The complaint, as amended, simply avers that Ohlander surrendered the possession, without stating to whom. The

[Sampey's Adm'r v. Sowell.]

proof sustains this averment. His contract, both in letter and spirit, bound him only to vacate the premises—to get out of the way, and the proof shows that he did that. There is nothing in appellant's augument directed to this feature of the case.

Affirmed.