F. J. SMOLA, Appellee, v. O. H. McCAFFREY, Sheriff, Appellant.

**Appeal**: ASSIGNMENT OF ERRORS: MUST SPECIFY ERROR COMPLAINED OF.

*Appeal from Jackson District Court.*—HON. C. M. WATERMAN, Judge.

FRIDAY, OCTOBER 23, 1891.

THE plaintiff was a judgment debtor, the head of a family, having a wife only, and the occupant of a homestead which was sold on special execution to satisfy a judgment lien thereon. After the satisfaction of the execution there remained in the hands of the sheriff, the defendant, a surplus which he applied in satisfaction of another execution in his hands against the plaintiff. The wife of the plaintiff had previously obtained a divorce from him. The issues involve the question of the exemption of the surplus from execution because it was the proceeds of the homestead of plaintiff. Judgment was by the district court given for the plaintiff, and the defendant appeals.—*Affirmed.*

_D. A. Fletcher_, for appellant.

_Johnson & Kelsey_, for appellee.

GRANGER, J.—The proceeding is at law, and the assignments of error are as follows. "Assignment of errors: And the appellant says there is manifest error on the face of the record in this cause in this: _First._ The judgment of the court in finding for the plaintiff is against the evidence, as shown by the agreed statements of facts submitted by the parties. _Second._ The judgment of the court in finding for the plaintiff is against the law applicable to the facts shown by the agreed statement of facts submitted by the parties. Said judgment should have been for the defendant. _Third._ The court erred in rendering judgment for the plaintiff." The appellee insists that the assignments are too general to entitle the appellant to a consideration of them, and the point must be sustained. With these assignments it is impossible to know the error relied upon to reverse the judgment, except by a resort to the arguments. Code, section 3207, provides that the assignment must "point out the very error objected to," and "in a way as specific as the case will allow;" and by the same section we are required to disregard errors not "assigned with the required exactness." If we are to resort to arguments by counsel to show the questions we are to consider, there is no utility in the law requiring an assignment of error in the abstract. We are aided equally as much by the third assignment in this case as by the others, and such an assignment has been held insufficient too many times to need a new citation of authority. See, however, _Tomblin v. Ball_, 46 Iowa, 190. The appellee's point must be sustained, and because of a failure to properly assign errors the judgment must be AFFIRMED.