Estey & Camp, Appellants, v. Josie B. Magee and Maggie A. Terry.

**Assignment of Error.** That the court erred in sustaining defendants' demurrer to plaintiffs' reply, in entering judgment against appellants and in favor of appellees for costs, and erred in dismissing plaintiffs' petition, are too indefinite.

*Appeal from Marion District Court.*—Hon. J. H. Applegate, Judge.

Thursday, April 4, 1895.

Action to recover the purchase price of a piano. Judgment for defendants. Plaintiffs appeal.—*Affirmed.*

*Geo. W. Crozier* for appellants.

*Hays Bros.* for appellees.

Kinne, J.—I. Plaintiffs sued upon a contract for the balance of the purchase price of a piano, and asked the foreclosure of a chattel mortgage thereon. Defendants denied all of the allegations of the petition, denied any indebtedness, admitted executing the contract, and

averred that the same had been fully settled. They set out the facts touching the settlement, showing that, at a time when nothing was due upon the contract, they, by agreement, paid plaintiffs one hundred and five dollars, in full of all demands existing by virtue of the contract. Plaintiffs, in reply, pleaded that in agreeing to accept the one hundred and five dollars in settlement they made a mistake of fifty dollars, and, setting out the facts, also averring that they had declined to receive said money in settlement, and that before suit brought they had tendered defendants a draft for the one hundred and five dollars. To this reply, defendants demurred. This demurrer assailed the reply upon five distinct grounds. It was sustained, and, plaintiffs electing to stand upon the reply, judgment was rendered against them, from which they appeal.

II. The judgment below must be affirmed. The assignments of error raise no question for our consideration. They are: *First.* The court erred in sustaining defendant's demurrer to the plaintiffs' reply; *second*, the court erred in entering judgment against the appellants and in favor of the appellees for costs; and third, the court erred in dismissing plaintiffs' petition. The statute requires that assignments of error shall specify the error relied upon. The demurrer contained five distinct grounds. The assignments do not point out any particular ground as error. Such an assignment is not good. *Duncombe v. Powers*, 75 Iowa, 185; *Kirk v. Litterst*, 71 Iowa, 71; *Town of Waukon v. Strouse*, 74 Iowa, 547. It will be observed that the last two assignments do not cure the defect.— *Affirmed.*