P. CASEY v. THE BALLOU BANKING COMPANY AND
       GEORGE B. KERLIN, Appellants.

**Conversion:** DAMAGES: *Pleadings*. Where there is evidence that goods converted were worth from one thousand, eight hundred dollars, to two thousand dollars, that rent lost was worth one hundred and seventy-five dollars, and accounts converted, worth one thousand dollars, a verdict of two thousand six hundred dollars for plaintiff will not be disturbed, though plaintiff had conceded liens on the property converted, to the amount of two thousand, five hundred dollars—in the absence of all attempts on part of plaintiff to recoup or have a set off.

EVIDENCE. A schedule of goods alleged to have been converted, attached as an exhibit to plaintiff's petition, and sworn to, to be substantially correct, and to have been made by a competent person. is admissible in an action for conversion of the goods described therein, for the purpose of showing their character.

*Same.* The original mortgages and its renewals are admissible in an action for conversion against the mortgagee named therein, as a part of the *res gest'æ*, and for the purpose of showing the whole transaction between the parties thereto.

**Practice:** INSTRUCTIONS. An instruction in an action for conversion, that the defendant mortgagee, who took and sold the mortgaged property, might be charged with exemplary damages if he did so unlawfully, maliciously, and with intent to oppress or injure the plaintiff, is not erroneous where there is some evidence tending to show such an intent.

**Assignments of Error.** Assignments that the verdict is contrary to law, —the court erred in overruling a motion for a new trial,—the verdict is contrary to the evidence, - it is not sustained by the evidence,—it is contrary to the instructions,—the damages allowed are excessive,—and the court erred in rendering judgment against the defendants,—do not, on appeal, present the objection that conversion, being a possessory action, will not lie against a mortgagee of chattels.

*Appeal from Buena Vista District Court.*—HON. C. D. GOLDSMITH, Judge.

TUESDAY, May 12, 1896,

ACTION at law to recover damages for the conversion of a stock of merchandise and certain books of account. Trial to a jury. Verdict and judgment for plaintiff, and defendants appeal.—*Affirmed.*

*James De Land* and *Geo. B. Kerlin* for appellants.

*Botsford, Healy & Healy* and *A. D. Baille* for appellee.

DEEMER, J.—In the month of October, in the year 1893, the plaintiff borrowed of the defendant, the Ballou Banking Company, something more than one thousand five hundred dollars. To secure the payment of this loan, he executed to the banking company a mortgage upon his store building, in the town of Storm Lake, and a chattel mortgage upon his stock of general merchandise, which was kept in the store building in said town. This chattel mortgage was renewed from time to time, and some additional accounts were added to plaintiff's indebtedness. The last renewal was dated August 21, 1893, and secured three notes amounting in the aggregate to more than two thousand three hundred dollars. The mortgage contained the usual stipulations, and further provided that in case of sale "at least ten days' notice by posting written notices in three public places in Buena Vista county" should be given. The defendant Kerlin, acting as agent for the banking company, procured this last renewal, and at the same time secured a second mortgage for himself upon the stock of merchandise to secure the sum of two hundred and three dollars and eighty-two cents, which amount was made payable on the next day, to-wit, August twenty-second. Shortly after the execution of the mortgage, Kerlin secured an assignment of plaintiff's books of account "to secure his

$203.82 and to collect the rest, and pay on bills outside where plaintiff had bought goods." On the same day at which the chattel mortgages and assignments were executed, Kerlin, for himself, as agent of the banking company, took possession of the goods and books of account, and at once proceeded to invoice and sell the goods, without giving any notice whatever to the plaintiff. He also took possession of the store building, and excluded the plaintiff therefrom for some days. And the plaintiff has not, since Kerlin took possession, received back either the stock of goods or the books of account. This action was brought to recover the value of said property from defendants, and for the rental of said store building, under the claim that defendants had converted the same to their own use. The defendants admitted that plaintiff was the owner of the merchandise and books of account, subject to certain mortgages and claims against them amounting to more than two thousand, seven hundred dollars, and further pleaded that they took possession thereof at the request of and with the consent of the plaintiff, and it was then agreed that defendants should dispose of the same without notice to the plaintiff, and in such manner as to them might seem best, and should apply the proceeds in satisfaction of the mortgage debt and assignment; that, proceeding under this agreement they sold the goods, and applied the proceeds, after paying the expenses of the sale, in payment of the mortgage indebtedness; and that they collected but a small amount of the accounts, which they properly applied, and that they are ready and willing, as soon as they are released from certain garnishment proceedings, to return the books and accounts. They further alleged that the stock of goods was not worth to exceed the sum of one thousand five hundred dollars. They also pleaded that they were garnished in certain proceedings brought against the plaintiff after

they had taken possession of his property, and that they have been, and now are, compelled to hold possession of any property in their hands which may belong to him. By way of estoppel, they further admitted that they took possession of the store building, but pleaded that they did so at the request of the plaintiff, for the purpose of saving expense in the disposition of the goods; that they held possession while disposing of the goods, and until March 3, 1894, when, at plaintiff's request, they surrendered the building to him and have never since had the occupancy thereof. They also pleaded an estoppel as to the claim for rent, based upon plaintiff's knowledge, acquiescence and consent. These were the issues upon which the case was tried in the lower court. The jury returned a verdict for plaintiff in the sum of two thousand six hundred dollars,—two thousand five hundred dollars as actual damages, and one hundred dollars exemplary. A motion for a new trial was overruled, and defendants appeal.

Except such as call in question the rulings on evidence, the assignments are as follows: "(1) The verdict is contrary to law. (2) The verdict is contrary to the evidence. (3) The verdict is not sustained by sufficient evidence. (4) The verdict is contrary to the instructions of the court. (5) The damages allowed by the verdict are excessive, indicating passion and prejudice on the part of the jurors. * * * (13) The court erred in overruling the defendants' motion for a new trial. (14) The court erred in rendering judgment against either of the defendants. (15) The court erred in rendering judgment against the defendant, Geo. B. Kerlin, jointly with the Ballou Banking Co., for the full amount of the verdict returned."

The defendants asked no instructions, nor did they except to any of those given by the court on its

own motion. The motion for a new trial was based upon seven distinct and independent grounds.

Appellants argue that under the undisputed facts in this case, an action at law for conversion will not lie, and that the verdict and judgment is contrary to the law and the evidence. Their contention is that this is a possessory action; that it cannot be maintained unless the plaintiff is entitled to the immediate possession of the property in controversy; and that, as mortgagees are by statute entitled to the possession of mortgaged property, no action at law will lie against them for the conversion of the property. We do not think there is any assignment of error which properly raises the question presented. We have held that assignments similar to the first, fourth, thirteenth, and fifteenth are not sufficient. *Brigham v. Retelsdorf*, 73 Iowa, 712 (36 N. W. Rep. 715); *Tomblin v. Ball*, 46 Iowa, 190; *Smola v. McCaffrey*, 83 Iowa, 760 (50 N. W. Rep. 16); *Kirk v. Litterst*, 71 Iowa, 71 (32 N. W. Rep. 106); *Duncombe v. Powers*, 75 Iowa, 185 (39 N. W. Rep. 261); *Wood v. Hallowell*, 68 Iowa, 377 (27 N. W. Rep. 263); *Armstrong v. Killen*, 70 Iowa, 51 (30 N. W. Rep. 14); *Hamilton Buggy Co. v. Iowa Buggy Co.*, 88 Iowa, 364 (55 N. W. Rep. 496). Conceding that the second, third and fifth are sufficiently specific, they do not raise the question argued by counsel, for we have seen that the instructions were not excepted to, nor is any error assigned with reference to them. Therefore, they constituted the law of the case, and cannot be questioned on this appeal. We may properly say, however, that the case is in facts much like that of *Howery v. Hoover*, 97 Iowa, 581 (66 N. W. Rep. 772), and *Campbell v. Wheeler*, 69 Iowa, 589 (29 N. W. Rep. 613), wherein we held that the only remedy open to plaintiff was an action at law for damages.

II.   Appellant also contends in argument that
the court erred in instructing the jury that, if they
found for plaintiff, they might allow the value of the
book accounts.   It is sufficient to say that there was
no exception to the instruction, and there is no
assignment of error which raises the question sought
to be presented.   It is also said that there was no
competent evidence before the court, showing what
accounts had been converted, or the value of the
same.   We will consider the question as to the admis-
sibility of certain of the evidence hereafter, and need
only to say at this time that there was evidence from
the defendant Kerlin himself as to the accounts
taken by him and as to the amounts thereof.   This
being shown, the presumption arose that the accounts
were collectible, unpaid, and of face value.   *Sadler v.
Bean,* 37 Iowa, 439; *Latham v. Brown,* 16 Iowa, 118.

III.   The court, in one of the paragraphs of the
instructions, said to the jury:   "You are told that if
you find that the defendants in this case took and
converted the stock of goods, the books, accounts,
and the use of the store building under an express
agreement made with the plaintiff that they should
do so, and subject the proceeds to the payment of
debts owed by the said plaintiff, or that they have
done so with his knowledge and consent, then the
conversion of such stock, accounts, and possession of
buildings was rightful, and plaintiff cannot recover."
No other instruction was given with reference to the
issue of estoppel.   It is now insisted that the verdict
should have been for defendants, for the reason that
the undisputed evidence shows that the plaintiff had
knowledge of and consented to the sale of goods
without notice.   It appears from the record that
there was conflict in the evidence upon this point.
It is true that plaintiff had knowledge of the sale,
but that he consented thereto is strenuously denied.

The jury found for plaintiff on this issue, and we cannot interfere.

It is also said that the undisputed evidence establishes such facts as constitute an estoppel. It may be that under more explicit instructions the jury should have found such acquiescence on the part of the plaintiff as that he ought to be estopped from questioning the validity of the sale. But the defendants accepted the instructions as given. They did not ask for more explicit ones, nor did they at any time move for a verdict, or in any other manner raise the question in the lower court, they now argue. Moreover, there is no assignment of error presenting the question now under consideration.

IV. The plaintiff was allowed to read in evidence, over defendants' objections, a paper attached to the petition as an exhibit. This paper contains a list of the goods and book accounts which it is claimed defendants converted, and it gave not only the items of merchandise, but the value of the same, and also stated the amount of the different accounts. The defendants objected to the exhibit as immaterial, irrelevant, incompetent, and not the best evidence. This objection was overruled, and the ruling is assigned as error. The plaintiff proved without objection that the list, in so far as it referred to claims and books of account, was true and correct, except as to one item. The witness through whom this proof was made said she had a list of the book accounts which the defendants had taken, and that upon comparison she found the one attached to the petition was correct except as to this one item. This same witness also testified that the exhibit attached to plaintiff's petition was made by her; that she had had fifteen months' experience in the grocery business; that the prices affixed to the several items of merchandise were the fair market prices of the same in 1893,

and that the entire stock was worth about two thousand dollars. After this preliminary proof was adduced, plaintiff offered in evidence the whole of the exhibit attached to the petition. The court, in ruling upon the defendants' objection, said, "If it is offered for the purpose of showing the description of the property you may have it." Plaintiff's counsel then said: "It is for the purpose of showing the character and general description of the stock." The objections were thereupon overruled. It is true, that nothing was said in the formal charge of the court as to the purpose of this evidence, or as to the weight to be given it, but defendants asked no instructions with reference to it, and did not except to the charge as given. It seems to us that the exhibit was properly in evidence for the purpose for which it was offered. And it is probably true, that it was admissible as a schedule of the goods and accounts, with the prices and amounts affixed, to aid the jury in their consideration of the case. See *Howard v. McDonough*, 77 N. Y. 592; Bradner, Ev. pages 308-310, section 24. But, aside from all this, the defendant Kerlin, on his examination, testified that the schedule attached to the petition, "is a complete list of accounts shown by the books taken possession of by us, under the assignment of Patrick Casey;" so that, as to the list of accounts, there was no prejudice, even if there was error in admitting the schedule in the first instance. It is also shown that the witness, who made the exhibit, identified it as being a correct list of the stock of goods; that she made it from an invoice which she helped to take, and which she knew to be correct; and she further said, that the values affixed were true and correct. Now, under the rule announced in Bradner on Evidence, at the pages before cited, the list was admissible, not as proving anything of itself, but as a detailed statement of the items testified to by the

witness. This was the purpose for which the court admitted the exhibit, and the trial judge did not abuse the discretion vested in him in such matters. *McCormick v. Railroad Co.*, 49 N. Y. 303; *Acklen v. Hickman*, 63 Ala. 494; 2 Rice, Ev. pages 745, 746. It is also said in argument, that the witness who testified as to the value of the goods and accounts, was not competent to give an opinion with reference thereto. There is no assignment of error raising this question, and we cannot consider it.

V. Complaint is made of the ruling of the court allowing plaintiff to introduce five certain chattel mortgages made by plaintiff to defendants, which had been satisfied and released before this action was commenced. It is true, as contended by counsel, that defendants were making no claims under these mortgages, but it appears that they all secured the same debt, and each in order was a renewal of a former mortgage, and the one on which defendants relied was the last of the series. They were all properly in evidence as explaining the transactions between the parties, and, while not controlling and probably not very material, yet, as a part and parcel of the dealings of the parties, and as explanatory of the whole transaction between them, they were admissible. All parol testimony as to what was said and done between the parties with reference to the making of the loan and the execution of the various mortgages was excluded by the court. We see no prejudicial error in permitting the mortgages to be introduced in evidence.

VI. It is claimed that the court was in error in instructing as to the exemplary damages, for the reason that such damages cannot be allowed in actions of this character. Sufficient is it to say with reference to this claim that the instructions were not excepted to, and the assignments of error raise no

such question as is argued. It is also said that there is no evidence to support any such allowance. We do not think this question is presented by the assignments of error. But, conceding that it is, we are not prepared to hold that there is not evidence to support the instructions of the court on this subject. The court said that exemplary damages might be allowed in case the jury found that the acts complained of were maliciously committed, or were committed with intent to, or for the purpose of, oppressing or injuring the plaintiff. There is some evidence from which the jury may have found that defendants took possession of and sold the goods with intent to oppress and injure the plaintiff, and, while we would not have so found, had we been trying the case, yet we cannot interfere in case of conflict in the evidence, for the purpose of enforcing our views.

VII. Lastly, it is contended that the verdict is excessive. It may be that under proper issues and correct instructions, the verdict is excessive, and should, under the facts proved, have been for the defendants. But we must take the case as we find it, and dispose of it according to fixed principles of practice, and of the law, as they should be applied to the issues the parties have seen fit to make. It is not for us to say what the issues should have been. We look to what they are, to what the parties respectively claim. We have said many times in this opinion that the instructions were not excepted to, and that defendants asked none in their behalf; and we find, on turning to the one with reference to value, that the court said that, in the event the jury found there was a conversion of the property, they should allow to plaintiff "his actual damages, which will be the value of the goods, the value of the book accounts, and the value of the rent of the store building during the time he was deprived of it, if he was

deprived of it, and in addition thereto  *  *  *  you may award him exemplary damages." Now, there was evidence to the effect that the stock of goods was worth two thousand dollars (defendants' own witness says it was worth nearly one thousand eight hundred dollars); that the rent of the store building for the time plaintiff was deprived of it, was worth one hundred and seventy-five dollars; and that the books of account were worth one thousand thirty-six dollars and thirty-one cents, of which amount the defendants, under the instructions of the court, were allowed to retain the sum of two hundred and three dollars. A verdict, then, of three thousand eight hundred dollars would not be without support in the evidence. It may be observed in passing, that the presumption obtains that the accounts were worth what they called for, and no affirmative testimony was needed as to their value. See authorities above cited, and 3 Suth. Dam. section 1132.

The injustice of the verdict is called to our attention. We appreciate the fact that here is a verdict for plaintiff for the sum of two thousand six hundred dollars for the conversion of certain goods on which defendants held a conceded and valid lien for nearly, if not quite, two thousand five hundred dollars. But for some reason defendants did not seek to set off or recoup their claims as against the plaintiff. We cannot say, then, that any injustice has been done. If the parties had a fair trial on the issues as made, and there was evidence which tended to support the verdict, it is not a case of injustice. Moreover the fact should not be lost sight of that the assignments of error do not raise any questions for our consideration other than the rulings on evidence, save these: (1) Is there sufficient evidence to support the verdict under the instructions as given and accepted by defendants? (2) In view of the whole

record, is the verdict excessive? We must, as has been observed, answer these questions in favor of the appellee. There being no prejudicial error in the record, the judgment is AFFIRMED.