(130 So. 516)

## SMITH v. McDONALD.

6 Div. 644.

Court of Appeals of Alabama.

Oct. 28, 1930.

Ross, Bumgardner, Ross &-Ross, of Bessemer, for appellee.

R. DuPont Thompson and Walter S. Smith, both of Birmingham, for appellant.

BRICKEN, P. J.

Appellant sued upon a promissory note given for the unpaid portion of the purchase price of a stock of furniture, fixtures, and lease accounts sold by him to appellee.

The contract of sale executed at the time the note was executed was in words and figures as follows:

"State of Alabama, Jefferson County:

"That in consideration of Five Thousand Forty Two Dollars and 06/100 ($5,042.06) to the undersigned D. C. Smith, in hand paid by J. W. McDonald, receipt of which is acknowledged, and the further consideration of the assumption by J. W. McDonald of an indebtedness in the amount of $8,345.30 of the said D. C. Smith to the City National Bank, and the further assumption of all merchan-

dise indebtedness of D. C. Smith Furniture Company listed hereon as follows:

| | |
|---|---|
| Rosenfelt-Kent Co., New York, N. Y. | $350.40 |
| Sterchi Bros. & Fowler, Chattanooga, Tenn. | $198.98 |
| Unit Stove & Furniture Co., Bham., Ala. | 1375.00 |
| Perfection Mat. & Spring Co., Bham., Ala. | 1886.10 |
| Bham. Stove & Range Co., Bham., Ala. | 14.82 |
| Bham. Furn. & Mfg. Co., Bham., Ala. | 83.25 |
| Oak City Furn. Co., Tuscaloosa, Ala. | 80.21 |
| James K. Polk, Atlanta, Ga. | 56.97 |
| Atlanta Woodenware Co., Atlanta, Ga. | 276.00 |
| Total | $4,321.73 |

"In consideration whereof, D. C. Smith does hereby bargain, sell and convey unto the said J. W. McDonald all the assets of D. C. Smith, doing business in the name and style of D. C. Smith Furniture Company situated at 204 19th St., Bessemer, Ala., including his stock of furniture and fixtures, trucks and all lease accounts as shown on books checked and balanced by each of the parties hereto.

"It is further understood and agreed that if any live account shown on said books has been paid in full or in part and the book not posted, or credited with such payment, that D. C. Smith shall be responsible therefor and make good such omission.

"Witness our hands in duplicate this the 18th day of June, 1927.

"[Signed] D. C. Smith.
"[Signed] J. W. McDonald.
"Witness: [Signed] F. R. Mathews."

Though the written contract, as will be observed, recites the payment of $5,042.46 to the appellant, it is conceded that the full amount of $5,042.46 was not in fact paid, and that the note upon which this action is brought was given to secure the unpaid portion of the purchase price.

Appellee filed a plea of tender, and also pleaded the general issue in short by consent with leave to give in evidence any matter which, if well pleaded, would be admissible in defense of the action, to have effect as if so pleaded; and with leave to the plaintiff to give in evidence any matter which would be admissible in reply to such defensive matter, to have effect as if so pleaded.

The jury returned a verdict for the defendant on the plea of tender, and judgment was rendered accordingly.

In support of his pleas, the defendant offered evidence, which was admitted by the trial court over the plaintiff's objection, tending to show that during the negotiations lead-ing up to the contract the defendant did not add the items of credit and the items of debit appearing on the ledger sheets containing the accounts which were the subject of the sale; and that the defendant did not extend the unpaid balances of these accounts; that the plaintiff extended the unpaid balances; and that in extending these unpaid balances the plaintiff incorrectly and falsely extended, as the unpaid balances on many of these accounts, amounts greatly in excess of the true amount of the unpaid balances as upon a proper calculation of the items of credit and debit as shown in detail on the ledger sheets; and that plaintiff exhibited these false and incorrect balances to the defendant as the true balances owing by the customers on these accounts; that the defendant entered the balances of the accounts on an adding machine as they were called off by the plaintiff; and that the plaintiff called off for such addition the false and incorrect balances referred to above; and that the defendant did no checking of items composing the account to determine whether or not the balances so exhibited and called off by the plaintiff were correct; and that the defendant did no checking other than to check the figures on the adding machine list against the balances exhibited on the ledger sheet to make certain that he had correctly entered the balances appearing on the ledger sheets on the adding machine.

The defendant's theory in introducing such evidence was that by the false representations of the plaintiff he had been deceived into believing that the total amount due on the accounts sold to him was greatly in excess of the total amount actually due; and that the difference between value of the accounts as thus falsely exhibited and represented to him and the value of the accounts as they actually existed as ascertained by a correct calculation of the detailed items of debit and credit was properly maintainable as an offset against the remainder of the unpaid purchase price.

It may be observed that accounts are prima facie presumed to be worth their face value. O'Donoghue v. Corby, 22 Mo. 393; Casey v. Ballou Baking Co., 98 Iowa, 107, 67 N. W. 98; Latham v. Brown, 16 Iowa, 118; volume 1, Sedgwick on Damages (9th Ed.) p. 521.

Appellant contends that the evidence so admitted by the trial court was inadmissible as being in violation of the parol evidence rule; and, more specifically, as being in contradiction of the following statement contained in the contract: "All lease accounts as shown on books checked and balanced by each of the parties hereto."

With this contention we cannot agree. The mere recital referred to did not give con-

clusive effect to its allegation of facts. The parol evidence rule relates to the effect of written promises, and it does not give conclusive effect to mere recitals of fact of a noncontractual nature, even though they are contained in the writing. Such recitals are merely prima facie evidence that the facts recited are true; and their falsity may be shown by parol evidence.

"A statement of fact contained in a contract but forming no part of the contract may be contradicted by parol evidence." 22 C. J. p. 1233.

"M. To Contradict Recitals or Statements not Part of Contract.—a. In General.—Parol evidence is admissible which contradicts or varies recitals or statements of fact in a writing where they constitute no part of the contract." 9 Encyclopedia of Evidence, p. 367.

"The parol evidence rule forbids any attempt to prove that the promises stated in a writing do not accurately represent the agreement of the parties, but it should be observed and insisted upon that the parol evidence rule has no application to recitals of fact." Volume 1, Williston on Contracts, p. 245.

Typical applications of the rules just quoted are found in the cases of The Nith (D. C.) 36 F. 86, and Bancroft v. Parker, 13 Pick. (Mass.) 192. In The Nith, supra, it was held that the words "in good order and condition" in a bill of lading, like the admission of any other fact, were open to explanation or contradiction, and did not constitute an agreement, though contained in a written contract. In Bancroft v. Parker, supra, it was held that a recital as to the value of property contained in a written agreement of bailment was not conclusive of the value of the property, and that parol evidence of the value was admissible.

It may also be noted that recitals in bills of lading as to the condition of the goods are quite generally held to be only prima facie evidence of such fact, and that parol evidence is admissible to show the contrary. 10 Corpus Juris, p. 201. In this connection, it is well to note that our Supreme Court has held that, in a suit upon an account, a written statement of which has been marked "correct" and signed by the debtor, the debtor may show by parol evidence what the true consideration was. Pollack v. Gunter, 162 Ala. 317, 50 So. 155.

It is the principle which admits parol evidence to contradict mere recitals of fact, noncontractual in character, that is the basis of our decisions which hold that the mere acknowledgment in a written contract of the receipt of a specified consideration—a mere recital of fact as distinguished from a consideration promissory and contractual in its nature—may be varied by parol evidence

showing its true consideration. Lefkovitz v. First National Bank of Gadsden, 152 Ala. 521, 44 So. 613.

And, while the rule permitting a parol variation of a recited consideration is subject to many exceptions, such as that precluding a dispute of the validity of the contract for a lack of consideration (Shows v. Steiner, Lobman & Frank, 175 Ala. 363, 57 So. 700), and that precluding the admission of parol evidence showing a consideration which imposes conditions repugnant to and inconsistent with the written promises (Dexter v. Ohlander, 93 Ala. 441, 9 So. 361; Ex parte South, 205 Ala. 31, 88 So. 221), and that precluding the admission of parol evidence to show a consideration differing "in kind" from the recited consideration, as where there is a recital of a "good" consideration, and it is proposed to show a "valuable" consideration (Mobile Savings Bank v. McDonnell, 89 Ala. 434, 8 So. 137, 9 L. R. A. 645, 18 Am. St. Rep. 137), and that precluding the admission of parol evidence showing the nature and character of the true consideration to be different from the recited consideration so as to affect the validity of the contract (Davis v. Anderson, 218 Ala. 557, 119 So. 670), and perhaps others, we do not apprehend or understand that the noncontractual recital in the contract in the instant case falls within any of the principles upon which such exceptions are based. Certainly proof contradictory of the recital in the contract now in question does not affect the validity of the contract. This is readily obvious when it is considered that, had the parties wholly omitted placing the recital in the contract, the contract would still have been legally operative.

■ Our decisions are numerous in their holdings that it is not a violation of the parol evidence rule to permit a party to a written contract to show that he was induced to enter into the written contract by the deceit of the other party to the contract. Alabama Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509; J. B. Colt Co. v. Price, 210 Ala. 189, 97 So. 696.

We therefore hold that the trial court did not err in admitting the testimony tending to show deceit, as referred to above.

■ Appellant contends that the sole remedy of the appellee for the deceit, if there was any, was to rescind the contract within a reasonable time after the discovery of the fraud, and seek a restoration of the situation which the parties occupied before the contract was made. But the law is clear that he had the option of affirming the contract, without forfeiting his right to recover damages for the deceit. Fairbanks, Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624.

A defrauded party to a contract may affirm the contract, and sue for the damages

sustained as a result of the deceit, or he may, if sued on the contract, set up the damages so sustained, in reduction of the plaintiff's demand. McCoy v. Prince, 11 Ala. App. 388, 68 So. 950.

Appellant's contention that the fact that the appellee had the opportunity before executing the contract to have examined the accounts sold to him in detail, and thus to have ascertained that the representations made by the appellant as to the unpaid balances were false and excessive, excuses the appellant from liability for the damages sustained by the appellee, under the doctrine of caveat emptor, cannot be upheld. "The doctrine of caveat emptor is not applicable where the party injured is induced by the fraud of the other party to act without inspection of the property, the subject of the transaction." Gulf Electric Co. v. Fried, 218 Ala. 684, 119 So. 685, 688.

The insistence of the appellant that the trial court erred in refusing to give for him the general affirmative charge requested in writing being based solely upon the theory that the court improperly admitted the testimony tending to show deceit, and which we hold to have been properly admitted, we rule that there was no error in refusing the general affirmative charge so requested.

The trial court's ruling sustaining defendant's objections to questions propounded by the plaintiff seeking to show that during the negotiations leading up to formation of the contract, and in and about determining the total price to be paid for everything to be sold, the parties fixed the price to be paid for the accounts at 50 per cent. of their face value, if error, was without injury to the appellant, for it appeared by testimony of the defendant, which was admitted and which was without dispute, that defendant paid "fifty cents on the dollar" for the accounts.

There was no error in disallowing the plaintiff to show that the defendant had succeeded in making some collections on what were referred to as "dead accounts." These "dead accounts" admittedly were sold under the terms of the contract of sale, and were the property of the defendant, and the contract does not show nor does it appear otherwise that the plaintiff was to become entitled to any money collected on these accounts.

Appellant's charges numbered 2, 3, and 5 were properly refused, as being inapplicable to the issues in the case. Each of them asserts the issue of absence of or inadequacy of consideration for the note sued on, when neither absence of consideration nor inadequacy of consideration were issues under the evidence in the case.

Appellant's charge No. 7 was properly refused, as it improperly asserted that the burden of proof was on the defendant "to show" certain facts, thus incorrectly stating the proper degree of proof. Proof by the evidence to the reasonable satisfaction of the jury is the proper degree of proof.

Appellant's charge No. 8 was properly refused. It ignored that phase of the evidence tending to show that the defendant owed the plaintiff nothing, or not more than the amount tendered, by reason of the damages sustained by the defendant as a result of the plaintiff's deceit.

Finding no error in the record to reverse, the judgment of the trial court is affirmed.

Affirmed.