## WEBB v. DINNIE BROTHERS.

### (134 N. W. 41.)

**Master and servant — injury to servant by fall of walls — question for jury as to negligence.**

1. The general manager of defendant put plaintiff to work in a basement that had stood unprotected two months during rainy weather, and the walls of which had started to slide, and of which sliding and general condition the general manager had actual knowledge. Under all of the testimony, it is *held* that the question of defendant's negligence was a question of fact for the jury.

Note.—As to the effect of an assurance of safety by a master or vice principal on the question of a servant's contributory negligence or assumption of risk, which is considered in the case of WEBB v. DINNIE BROS., the general rule of law to be gathered from the authorities which are reviewed in notes in 48 L.R.A. 542, and 23 L.R.A.(N.S.) 1014, is that where a servant undertakes certain work, or continues to perform work, relying upon the assurance of his master or the latter's representative that such work may be performed in safety, the mere fact that before such assurance was given the fears of the servant to the possibility of injury had been excited by circumstances that had come to his knowledge will not, as a matter of law, charge him with contributory negligence or with assumption of the risks involved in the work, unless the danger was so obvious that no man of ordinary prudence would incur it.

The servant's assumption of risk from changing conditions of a working place during progress of the work in excavations is considered in a note in 19 L.R.A. (N.S.) 350.

The question of a servant's assumption of risks from latent dangers or defects is treated in notes in 17 L.R.A.(N.S.) 76, and 24 Am. St. Rep. 320.

And that a master who seeks to escape liability to a servant on the ground that he assumed the risk as a part of his contract must lay a foundation for the defense by proving that he understood the risk is shown by the authorities collated in a note in 47 L.R.A. 164.

**Master and servant — injury to servant — servant's knowledge of danger — contributory negligence.**

2. The plaintiff was rushed to the work, and did not know of the dangerous condition of the walls. He was at work less than an hour when injured. *Held,* that the question of his negligence as a contributing factor was a question for the jury.

**Master and servant — assumption of risk — question for jury.**

3. Under the above facts, *held,* that whether the plaintiff assumed the risks of the employment was also a question for the jury.

Opinion filed December 18, 1911.

Appeal from District Court, Grand Forks county; *Templeton, J.*

Action by Henry J. Webb against Dinnie Brothers, a corporation. From a judgment for plaintiff, defendant appeals.

Affirmed.

*G. A. Bangs and Murphy & Duggan,* for appellant.

*Skulason & Burtness,* for respondent.

BURKE, J. Upon the 4th of June, 1909, plaintiff was a common laborer working for the defendant, a corporation engaged in contracting and building. James Dinnie was general manager, and one Morrow foreman, for said defendant. After dinner of said day, Dinnie and Morrow took a cement crew to some lots owned by the Elks, in Grand Forks, North Dakota, prepared to erect the concrete walls of a basement thereon. The only work done upon such lots was the excavating for the basement and the digging of a trench around the sides thereof for the foundations of the basement walls. The two jobs of digging had been done in separate contracts and at different times, and by different contractors than defendant. The basement proper had been dug first, some time in the fore part of April, and was something over 10 feet deep, and the walls had not been supported in any manner to prevent a cave in. During the time the wall stood unprotected, a great deal of rain had fallen, but the basement had been kept reasonably dry by pumping the water out. Defendant was to do the concrete work upon the walls only, and such walls were to be some 18 inches thick in the main, but the bottom thereof was in the nature of a subwall or foundation, some 4 feet thick and some 18 inches in height. To re-

ceive this base, a trench was dug around the edge of the basement proper, 4 feet wide and 18 inches deep. Fluid concrete would be poured into this trench until it was full, and thereafter brick walls would be built. This trench was not quite completed when Dinnie and his men arrived, but enough of it was ready so they could commence with the concrete work. Dinnie went with a buggy to a different part of the city, where plaintiff was engaged in tearing up board sidewalks, and took him to the Elks' job, where he was put to work laying planks on the edge of the trench above mentioned, so wheelbarrows with fluid concrete could pass along and fill the trench. In laying the plankway, plaintiff encountered some loose dirt thrown out of the trenches. This dirt he proceeded to shovel further into the basement, so his planks might lie upon the solid dirt of the basement floor. While so engaged, he stood in the trench with his back to the wall, and while so standing about half a load of dirt slid out of the wall over his head, and fell around and upon him, but did him no injury. He looked at the source of the slide, and saw Dinnie upon the surface of the ground, also watching the slide. He asked Dinnie if the wall was safe, and Dinnie replied: "It is just a little loosened up from the rains; all went down that is going down. Go ahead and go to work. We want to get that machine working." Plaintiff resumed work, and was injured some ten minutes later by a large slide of dirt from the same place. He sued, and recovered a verdict of $5,265. It is stipulated that this verdict is not excessive, and defendant, who appeals, does not want a new trial. The only error complained of is the refusal of the trial court to direct a verdict in favor of the defendant at the close of the testimony, or to grant judgment in their favor, notwithstanding the verdict. Defendant claims that no actionable negligence has been shown against it, and if there has plaintiff was guilty of contributory negligence, and that he assumed the risk of the work in which he was engaged.

1. Upon the first proposition, it will be remembered that Dinnie was the general manager of the corporation. He was the managing officer, and acted for the defendant in furnishing a place for plaintiff to work. He was thus a vice principal, and not a fellow servant. His negligence was the negligence of the corporation. Mast v. Kern, 34 Or. 247; 54 Pac. 950, 75 Am. St. Rep. 580, note, p. 584. His testi-

mony shows that he was forty-five years of age, and had been for more than twenty years engaged in similar work in Grand Forks, and was in every way familiar with the nature of the work. He was an experienced builder and contractor. He had examined the basement the day before carefully, with a view to beginning work the next day. He had measured the basement and marked the place for the walls. He had noticed then that there had been several slides, and had talked with others about it. He knew that the walls had stood unprotected some two months. He had found that the basement was too short, and had ordered it lengthened, and must have known, as the jury found, that this lengthening would be done by digging under the walls while preparing the trenches. He knew of the heavy rains that had fallen. He had stood upon the ground above, and had seen the first slide strike plaintiff, and had advised him that the wall was safe. He knew that plaintiff had been taken from a different part of the city, not an hour before, and rushed into the basement to work, without any opportunity to examine the safety of the walls. He says that the walls might have been made safe with little expense by throwing down into the basement any unsound portions of the walls. He had the authority to put one of the men at work doing this very thing. Notwithstanding all this, he assured plaintiff that the wall was safe, and told him to hurry up and go to work. This court is not called upon to weigh the evidence. This was a case for the jury, and if there was any competent evidence showing negligence upon the part of the defendant it was proper for the trial court to submit the question to them. We have no hesitancy in saying that there was sufficient evidence to warrant the case being so submitted. Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 309, 122 N. W. 390.

2. Taking up the question of contributory negligence, we are bound by the same rules. The question whether the plaintiff was negligent, and whether his negligence contributed to his injury, is always a question for the jury, if there is any evidence reasonably in conflict thereon. The facts already show that this plaintiff knew none of the things that Dinnie knew, excepting that the dirt fell upon him, and what he could see with his eyes. He did not know how long the walls had stood. He did not know that cracks had appeared in the surface of the wall over his head. He had never seen the basement until an hour earlier

in the day. He had no authority to make the walls safe by bracing them or shoveling the dirt down. There was sufficient conflict in the matter to necessitate its submission to the jury.

The same question can be made to the contention that the plaintiff assumed the risk of his employment. He cannot be said to have assumed the risks of which he knew nothing. The risks from the long standing of the walls, from their being undermined to receive the base of the cement wall, and from the negligence of the general manager, he did not assume, because he did not know of them, and they are not incidental to that class of work. Upon proper instructions, the jury returned a positive finding that Dinnie knew, or should have known, that the walls were unsafe. They further found that the walls had been undermined some 8 inches at the place of the slide, to accommodate the base of the cement wall. The jury also found that the wall could have been made safe by bracing it up, and that such would not have hindered the workmen in erecting the wall. There is evidence supporting each of these findings, and, holding as we do that the case was one for the jury, it follows that the judgment must be affirmed.