## JOHN SWORDS v. BENJ. McDONELL.

(154 N. W. 258.)

**Personal injuries — accident in gravel pit — damages for verdict — contributory negligence — assumption of risk.**

1. Plaintiff sustained personal injuries in a gravel pit while in defendant's employ for which he recovered a verdict and judgment for $3,000. On appeal defendant urges that plaintiff was guilty, as a matter of law, of contributory negligence, and that he should be held to have assumed the risk; also that the evidence is insufficient to show negligence on defendant's part. *Held*, for reasons stated in the opinion, that each of such contentions is without merit. Umsted v. Colgate Elevator Co. 18 N. D. 316, and Webb v. Dinnie Bros. 22 N. D. 377, are cited and followed as controlling.

**Instructions — more specific — request for.**

2. Following the well-settled rule it is held that, in the absence of a request for more specific instructions, error cannot be predicated upon the giving of instructions which state the law correctly as far as they go, but which are not as full and specific as they should have been.

**Instructions — issues — incorrect statement of law — fatal to recovery — prejudicial — law applicable to issues — must be charged.**

3. An instruction which mistakes the law as applied to the issues and the proof is fatal to a recovery unless it affirmatively appears that it was nonprejudicial.

**Special damages — neither alleged nor proved — instructions upon — prejudicial error.**

4. Applying the last stated rule it is held prejudicial error, where special damages are neither alleged nor proved, to instruct the jury that "damages for a personal injury consist of three principal items: First, the expense which the injured person is subjected to by reason of the injury complained of." In the light of the record, the giving of this instruction was very prejudicial.

Opinion filed September 17, 1915.

Appeal from the District Court of Ward County; LEIGHTON, J.

Action by John Swords against Benjamin McDonell. Plaintiff had judgment.    Defendant appeals.

Reversed.

*Greenleaf, Bradford, & Nash,* for appellant.

It is the duty of the master to furnish a reasonably safe place for his servant to work.   He is not required to provide a place that is absolutely safe.   Frequently the work which the servant is employed to do is dangerous in itself, and of course the servant assumes the ordinary risk in performing that work.   Ross-Paris Co. v. Brown, 121 Ky. 821, 90 S. W. 568; Wilson v. Chess & W. Co. 117 Ky. 567, 78 S. W. 453; Wood, Mast. & S. § 325.

A preson who acts with full knowledge of all the attendant perils must be held to have assumed the risk.   Mellott v. Louisville & N. R. Co. 101 Ky. 212, 40 S. W. 696; Chicago G. W. R. Co. v. Crotty, 4 L.R.A.(N.S.) 832, 73 C. C. A. 147, 141 Fed. 913; Gorman v. Des Moines Brick Mfg. Co. 99 Iowa, 257, 68 N. W. 674; Kean v. Detroit Copper & Brass Rolling Mills, 66 Mich. 277, 11 Am. St. Rep. 492, 33 N. W. 305; Toomey v. Eureka Iron & Steel Works, 89 Mich. 249, 50 N. W. 850; Showalter v. Fairbanks, M. & Co. 88 Wis. 376, 60 N. W. 257; Writt v. Girard Lumber Co. 91 Wis. 496, 65 N. W. 173; Bradshaw v. Louisville & N. R. Co. 14 Ky. L. Rep. 688, 21 S. W. 346; Linch v. Sagamore Mfg. Co. 143 Mass. 246, 9 N. E. 728; Wescott v. New York & N. E. R. Co. 153 Mass. 460, 27 N. E. 10; Reed v. Stockmeyer, 20 C. C. A. 381, 34 U. S. App. 727, 74 Fed. 186; Baltimore & P. R. Co. v. Jones, 95 U. S. 439, 24 L. ed. 506, 7 Am. Neg. Cas. 340.

The fact that he was ordered by a superior to do the act, while he knows and appreciates the dangers attendant, and where the act is one of those assumed, is wholly immaterial.   The master incurs no special liability or responsibility by ordering the servant to perform one of his ordinary duties in the regular course of his work. Davis v. Detroit & M. R. Co. 20 Mich. 105, 4 Am. Rep. 364; Ruchinsky v. French, 168 Mass. 68, 46 N. E. 417, 1 Am. Neg. Rep. 620; Kean v. Detroit Copper & Brass Rolling Mills, 66 Mich. 277, 11 Am. St. Rep. 492, 33 N. W. 395; Paule v. Florence Min. Co. 80 Wis. 350, 50 N. W. 189; Welch v. Brainard, 108 Mich. 38, 65 N. W. 667; Linch v. Sagamore Mfg. Co. 143 Mass. 200, 9 N. E. 728; Hoth v. Peters, 55

Wis. 405, 13 N. W. 219; Beittenmiller v. Bergner & E. Brewing Co. 22 W. N. C. 33, 12 Atl. 599; Showalter v. Fairbanks, M. & Co. 88 Wis. 376, 60 N. W. 257; Burlington & C. R. Co. v. Liehe, 17 Colo. 280, 29 Pac. 175; Stuart v. New Albany Mfg. Co. 15 Ind. App. 184, 43 N. E. 961; Burke v. Davis, 191 Mass. 20, 4 L.R.A.(N.S.) 791, 114 Am. St. Rep. 591, 76 N. E. 1039; Frangiose v. Horton, 26 R. I. 291, 58 Atl. 944, 17 Am. Neg. Rep. 371; Toomey v. Eureka Iron & Steel Works, 89 Mich. 249, 50 N. W. 850; Welch v. Carlucci Stone Co. 7 Ann. Cas. 301, note.

The test of the servant's conduct as to negligence, where he is acting in obedience to orders given, and with a knowledge and appreciation of the attendant circumstances, is the same as in other cases; that is, was his conduct that of a reasonably prudent man under like circumstances. Hubler v. Johnson-McLean Co. 74 Neb. 840, 105 N. W. 247, 19 Am. Neg. Rep. 362; Chicago G. W. R. Co. v. Crotty, 4 L.R.A.(N.S.) 832, 73 C. C. A. 147, 141 Fed. 913; Stephens v. Southern R. Co. 82 S. C. 542, 64 S. E. 601; Joswoyak v. Lake Shore & N. S. R. Co. 4 Ohio Dec. Reprint, 317; Greeley v. Foster, 32 Colo. 292, 75 Pac. 351; McArthur Bros. Co. v. Nordstrom, 87 Ill. App. 554; Chicago, I. & L. R. Co. v. Sanders, 42 Ind. 585, 86 N. E. 430; McArthur Bros. Co. v. Troutt, 88 Ill. App. 638; Attleton v. Bibb Mfg. Co. 5 Ga. App. 777, 63 S. E. 918; Paterson v. Erie R. Co. 78 N. J. L. 592, 30 L.R.A.(N.S.) 209, 75 Atl. 922.

Where there is no allegation of special damages in the complaint, and where there is no proper proof of same, it was highly prejudicial for the court to instruct upon such subject, for same was in no wise an issue in the case. Such instruction and especially when the court expressly called the jury's attention to the matter of expenses, as one of the elements of damages, was prejudicial error. Barron v. Northern P. R. Co. 16 N. D. 277, 113 N. W. 102.

"When actual pecuniary damages are sought, some evidence must be given showing their existence and extent. If this is not done, the jury cannot indulge in an arbitrary estimate of their own." Sedgw. Damages, §§ 180, 483; Smith v. Evans, 13 Neb. 314, 14 N. W. 406; Taulbee v. Moore, 106 Ky. 749, 51 S. W. 564; Galveston, H. & S. A. R. Co. v. Thornsberry, — Tex. —, 17 S. W. 521, 6 Am. Neg. Cas. 610; 5 Am. & Eng. Enc. Law, 718; Reed v. Chicago, R. I. & P. R. Co. 57

Iowa, 23, 10 N. W. 286; Brown v. White, 202 Pa. 297, 58 L.R.A. 321, 51 Atl. 962.

A verdict should be supported by legal evidence; otherwise it is the whim, caprice, or guess of the jury. Cousins v. Lake Shore & M. S. R. Co. 96 Mich. 386, 56 N. W. 14, 4 Am. Neg. Cas. 152; Stafford v. Oskaloosa, 57 Iowa, 748, 11 N. W. 668; Eckerd v. Chicago & N. W. R. Co. 70 Iowa, 353, 30 N. W. 615, 3 Am. Neg. Cas. 373; Olson v. Erickson, 53 Wash. 458, 102 Pac. 400.

*E. R. Sinkler,* for respondent.

"The law would seem plain where the menace or danger is so uncertain as to cause discussion between the employees and the employer, with the result that the employer dissuades the employee of his apprehension that the doctrine of assumption of risks cannot be invoked."

The mere fact that the servant can do the act or work directed to be done by him, by the use of extraordinary care, caution, and skill, does not render him guilty of concurrent negligence. Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 316, 122 N. W. 390; Webb v. Dinnie Bros. 22 N. D. 377, 134 N. W. 41; Haas v. Balch, 6 C. C. A. 201, 12 U. S. App. 534, 56 Fed. 984; Brown v. Lennane, 155 Mich. 686, 30 L.R.A.(N.S.) 453, 118 N. W. 581; Nelson-Bethel Clothing Co. v. Pitts, 131 Ky. 65, 23 L.R.A.(N.S.) 1014, 114 S. W. 331; McKee v. Tourtelotte, 167 Mass. 69, 48 L.R.A. 542, 44 N. E. 1071; Dallemand v. Saalfeldt, 48 L.R.A. 753, and note, 175 Ill. 310, 67 Am. St. Rep. 214, 51 N. E. 645, 5 Am. Neg. Rep. 9; McBrayer v. Virginia-Carolina Chemical Co. 89 S. C. 387, 71 S. E. 980; Chicago Anderson Pressed Brick Co. v. Sobkowiak, 148 Ill. 573, 36 N. E. 572; Norfolk & W. R. Co. v. Ward, 90 Va. 687, 24 L.R.A. 717, 44 Am. St. Rep. 945, 19 S. E. 849; 4 Labatt, Mast. & S. pp. 3936, 3938, 3960, 3965, and 3967; Faulkner v. Mammoth Min. Co. 23 Utah, 437, 66 Pac. 801; Miller v. Bullion-Beck & C. Min. Co. 18 Utah, 358, 55 Pac. 59; Anderson v. Pitt Iron Min. Co. 103 Minn. 252, 114 N. W. 954; Choctaw, O. & G. R. Co. v. Jones, 7 Ann. Cas. 435, and note, 77 Ark. 367, 4 L.R.A. (N.S.) 837, 92 S. W. 244; Bennett v. Gulf, C. & S. F. R. Co. — Tex. Civ. App. —, 159 S. W. 132, 5 N. C. C. A. 572.

A servant cannot assume a risk which he does not believe to exist. "There is much reason in the rule that allows a favorable construction to be placed on the act of the servant, done in obedience to the order of

his superior, though involving danger. Obedience to orders given by the master becomes a habit with the servant. It is expected that he will obey. Whilst the law will not excuse the servant where the thing ordered is plainly and manifestly perilous, it will do so where a man of ordinary prudence and care would under the circumstances have obeyed the order, although involving danger." Van Duzen Gas & Gasoline Engine Co. v. Schelies, 61 Ohio St. 298, 55 N. E. 998; Cook v. St. Paul, M. & M. R. Co. 34 Minn. 45, 24 N. W. 311, 16 Am. Neg. Cas. 247; Choctaw, O. & G. R. Co. v. Jones, 7 Ann. Cas. 442, note; 4 Labatt, Mast. & S. pp. 3960–3974; Graham v. Newburg Orrel Coal & Coke Co. 38 W. Va. 273, 18 S. E. 584; Harder & H. Coal Min. Co. v. Schmidt, 43 C. C. A. 532, 104 Fed. 282, 9 Am. Neg. Rep. 227; Bradbury v. Goodwin, 108 Ind. 286, 9 N. E. 302; Lake Superior Iron Co. v. Erickson, 39 Mich. 492, 33 Am. Rep. 423, 10 Mor. Min. Rep. 39; Daley v. Schaaf, 28 Hun, 314; Stomne v. Hanford Produce Co. 108 Iowa, 137, 78 N. W. 841; Gundlach v. Schott, 192 Ill. 509, 85 Am. St. Rep. 348, 61 N. E. 322; Shadford v. Ann Arbor Street R. Co. 121 Mich. 224, 80 N. W. 30, 6 Am. Neg. Rep. 579; Purcell Mill & Elevator Co. v. Kirkland, 2 Ind. Terr. 169, 47 S. W. 311; Anderson v. Steinreich, 32 Misc. 680, 66 N. Y. Supp. 498; Warner v. Chicago, R. I. & P. R. Co. 62 Mo. App. 192; Fried & R. Packing Co. v. Hugel, 105 C. C. A. 402, 183 Fed. 110.

It is the master's duty to furnish the servant with a safe place in which to work. If the place is not safe, and the master knows it is not safe, it is then his absolute duty to warn the servant of the danger. Webb v. Dinnie Bros. 22 N. D. 377, 134 N. W. 41; Haas v. Balch, 6 C. C. A. 201, 211, 12 U. S. App. 534, 56 Fed. 984; O'Brien v. Nute-Hallett Co. 177 Mass. 422, 59 N. E. 65; Cases cited under Assumption of Risk, supra.

Where a party to an action deems the charge of the court not sufficiently explicit, he should present written requests for instructions. State ex rel. Pepple v. Banik, 21 N. D. 417, 131 N. W. 262; State v. Haynes, 7 N. D. 352, 75 N. W. 267; State v. Rosencrans, 9 N. D. 163, 82 N. W. 422; Landis v. Fyles, 18 N. D. 590, 120 N. W. 566; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 227, 112 N. W. 972; Zilke v. Johnson, 22 N. D. 83, 132 N. W. 640, Ann. Cas. 1913E, 1005; Rev. Codes 1905, § 7021, Comp. Laws 1913, § 7620.

That nominal damages can be recovered when no appreciable injury has been shown is well settled. Seitz v. Dry Dock, E. B. & B. R. Co. 16 Daly, 264, 10 N. Y. Supp. 1, 6 Am. Neg. Cas. 42; Western R. Co. v. Stone, 145 Ala. 663, 39 So. 723; Swift v. Broyles, 115 Ga. 885, 58 L.R.A. 390, 42 S. E. 277; Lance v. Apgar, 60 N. J. L. 447, 38 Atl. 695; Comp. Laws 1913, § 7184; Ashby v. White, 2 Ld. Raym. 955, 3 Ld. Raym. 320, 1 Smith Lead. Cas. 231, 14 How. St. Tr. 695, 1 Eng. Rul. Cas. 521; Whittemore v. Cutter, Gall. 429; Chicago & N. W. R. Co. v. Chicago, 140 Ill. 309, 29 N. E. 1109; Fullam v. Stearns, 30 Vt. 455.

Where the charge of the trial court, taken as a whole, states the law correctly, error cannot be predicated on an isolated portion which, taken alone, is erroneous. Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841.

FISK, Ch. J. While in defendant's employ as a common laborer, and engaged in shoveling gravel into a wagon out of a gravel pit in Minot, plaintiff was severely injured by the falling of a ledge or over-hanging embankment, and he sues to recover damages for such injuries. The trial in the court below resulted in a verdict in his favor for the sum of $3,000. The appeal is from the judgment entered pursuant to the verdict, no motion for a new trial having been made.

The testimony relating to the important issues is in dispute; but the jury having resolved these issues in plaintiff's favor, and their findings having substantial support, this court is bound by plaintiff's version. The following statement of facts in respondent's brief is, we think, substantially correct.

"On the 13th day of January, 1913, the plaintiff was in the employ of the defendant as a common laborer, and his duties were the shoveling into wagons and hauling gravel from a certain gravel pit one side of which was about 15 feet high. The plaintiff had been in defendant's employ for about two days, and on the days prior to the day on which the injury occurred he had been working in another part of the gravel pit. Plaintiff had nothing to do with taking down the embankment, but this work was performed by the defendant in person. At the point where plaintiff was hurt he had loaded three wagons of gravel only. Just before plaintiff was injured he told the defendant that it did not look safe for him to work where he was working. And the defendant

said: 'I was on top there and drove wedges in there, and I examined it. You could put a team of horses on top it would not come down. You shovel this in. Go ahead, I was just up there and looked at it, I will stand the responsibility; fill it in before it freezes again.' Plaintiff then commenced to shovel the gravel which the defendant had picked out, and when he had shoveled three or four shovels full after defendant had assured plaintiff of the soundness and safety of the embankment, it fell upon the plaintiff and injured him. On the day of the injury no part of the embankment was knocked down. Nor had any part of the embankment been knocked down by anyone while the plaintiff worked there. The plaintiff testified that he knew that there was danger if the embankment fell, but that he did not know there was any danger, because he was assured by the defendant that the embankment was safe and would not fall. The defendant had gone upon the embankment for the purpose of examining it to ascertain its safety, and, after he had made an examination of it, which it was his duty to do, he assured the plaintiff that the place was safe and that the embankment would not fall, and ordered him to hurry up and shovel in the gravel before it froze. While the plaintiff may have had apprehensions from the appearance of the embankment, his apprehensions were put at rest by the assurances of the master. He believed that the place was safe after he was told that it was safe. The plaintiff made no examination of the embankment, and it was not his duty so to do, but the examination was made by the master who had that duty to perform, and after a full examination of the embankment by the master, the master told the plaintiff the results of his investigation and examination, and that he found the embankment safe and that it could not come down. Only a few seconds elapsed between the time the defendant assured plaintiff of the safety of the place and the time of the injury.

"The plaintiff sustained severe injuries. One of his legs was broken. He remained in the hospital for about three weeks at Minot and then was taken home for two months and a half, and then was taken to Rochester, and at the time he was taken to Rochester his legs was still broken. He had an operation performed on his leg at Rochester. At the time of the trial his left leg was still injured. A piece of the bottom of the knee cap was cracked, and he could not use his leg without the use of crutches. This condition existed ten months after the in-

jury. The plaintiff at the time of trial was suffering from pains in his leg and back. At the time of trial he could not bear any weight on his leg. At the time of trial ten months after the injury there was still a running sore on his leg as a result of the injury. Plaintiff since his injury has not been able to work. On the day of the trial the physician examined the leg and found 'considerable deformity of the leg.' There was considerable deformity of the tibia. It was out of its natural line. One leg was slightly shorter than the other. The leg will never be as efficient a leg as before, and that injury was a permanent one. The doctor testified that his injury to his leg would always affect him. At the time the doctor made the examination of the broken right leg, plaintiff complained of the 'pain in the knee cap of the left leg. The evidence does does show that the plaintiff is permanently crippled. Before the injury the plaintiff was a strong, able-bodied man forty-nine years old, and, on account of the injury, he has suffered in his general health."

The acts of negligence pleaded are: (1) Negligence in commanding plaintiff to work in a dangerous place; (2) negligence in failing to warn plaintiff of the dangers; (3) negligence in failing to prevent a cave-in of the embankment. The answer admits that the plaintiff sustained injuries, but denies any negligence on defendant's part, and defendant affirmatively alleges contributory negligence and assumption of the risk by plaintiff. No special damages are pleaded.

The specifications of error presented for our consideration are the questions of assumption of risk, contributory negligence, insufficiency of the evidence to show negligence of the defendant, the correctness of the instructions to the jury, as well as certain errors in ruling out testimony and in limiting the cross-examination of the plaintiff. Excessive damages are also alleged.

In the light of the facts as testified to by the plaintiff, and which we must accept as true, we are firmly of the view that there is no merit in appellant's specifications relative to assumption of risk, contributory negligence, or alleged insufficiency of the evidence to show negligence of defendant as alleged. Under the evidence each of these questions was properly for the jury, and it would have been error for the court to have decided them as a matter of law. The rules of law applicable to the evidence as before stated are too well settled to re-

quire extended discussion. We merely cite the following cases as controlling in the case at bar: Umsted v. Colgate Farmer's Elevator Co. 18 N. D. 316, 122 N. W. 390; Webb v. Dinnie Bros. 22 N. D. 377, 134 N. W. 41. See also the following authorities based on quite similar facts: Haas v. Balch, 6 C. C. A. 201, 12 U. S. App. 534, 56 Fed. 984 (8th C.); Brown v. Lennane, 155 Mich. 686, 30 L.R.A.(N.S.) 453, 118 N. W. 581; Illinois Steel Co. v. Schymanowski, 162 Ill. 447, 44 N. E. 876; McBrayer v. Virginia-Carolina Chemical Co. 89 S. C. 387, 71 S. E. 980. Also the numerous authorities cited in note in 7 Ann. Cas. 436–442; Labatt, Mast. & S. 3960–3974.

What we have said with reference to the question of assumption of risk is equally applicable to the question of contributory negligence. It is in very rare cases that the court can say as a matter of law that plaintiff was guilty of contributory negligence. The case at bar is not one of such cases. Umsted v. Colgate Farmer's Elevator Co. and Webb v. Dinnie Bros. supra, are controlling on this point in respondent's favor. The issues as to plaintiff's contributory negligence were clearly for the jury.

Appellant urges that the evidence is insufficient as a matter of law to establish negligence of the defendant as alleged. We have read the record carefully, and are unable to concur in this view. Defendant was personally in charge of the work, and expressly admitted knowledge of the dangerous character of the work that plaintiff was engaged in doing, and that he thought it was unsafe. He commanded the plaintiff to work at the place of the injury. This was culpable negligence. See the foregoing authorities and especially Webb v. Dinnie Bros. and Haas v. Blach, supra.

This brings us to a consideration of the court's instructions to the jury. We have examined the instructions complained of, and, with but one exception, which we will presently notice, we deem them free from prejudicial error. Some of them are perhaps not as clear and complete as they should have been, but no requests were made by defendant for further and more specific instructions, and it is well settled that in the absence of such request appellant will not be heard to complain where the instructions cover the subject correctly but only in a general way. State ex rel. Pepple v. Banik, 21 N. D. 419, 131 N. W. 262; Zilke v. Johnson, 22 N. D. 85, 132 N. W. 640, Ann. Cas. 1913E,

1005; Landis v. Fyles, 18 N. D. 590, 120 N. W. 566; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 227, 112 N. W. 972; State v. Rosencrans, 9 N. D. 163, 82 N. W. 422, and State v. Haynes, 7 N. D. 352, 75 N. W. 267. The above rule has no application, however, to an instruction which misstates the law. Such an instruction is fatal to a recovery unless it appears that its giving was nonprejudicial.

This brings us to the instruction upon the question of damages the giving of which, for reasons hereinafter stated, we deem very prejudicial. In the first place, it should be borne in mind that there is no allegation in the complaint covering special damages, there being no reference whatever to expenses incurred by plaintiff in medical aid or hospital bills, nor is there any proof in the record touching the amount of any such expenses. Notwithstanding this, the court evidently through inadvertence charged the jury as follows: "Damages for a personal injury consist of *three principal items; First, the expense which the injured person is subjected to by reason of the injury complained of;* second, the inconvenience and suffering resulting from it; and, third, the loss of earning power, if any, and whether temporary or permanent, consequent upon the character of the injury." This instruction was correct in the abstract, but as applied to the pleadings and proof in this case the portion italicized was, we think, clearly erroneous and exceedingly prejudicial. Respondent's counsel evidently appreciates the erroneous character of such instruction standing alone, but he strenuously contends that the instructions taken as a whole are correct, or at least render the instruction complained of nonprejudicial. Notwithstanding the contention of respondent's counsel to the contrary, we deem the decision in Barron v. Northern P. R. Co. 16 N. D. 277, 113 N. W. 102, not only in point, but it is controlling in appellant's favor. See also Reed v. Chicago, R. I. & P. R. Co. 57 Iowa, 23, 10 N. W. 286; Brown v. White, 202 Pa. 297, 58 L.R.A. 321, 51 Atl. 962; Olson v. Erickson, 53 Wash. 458, 102 Pac. 400. Respondent's counsel misconstrues the instructions when he says the jury was told "that one of the elements of damages in personal injury cases were expenses, *if any.*" The last two words as employed in the instructions merely qualify the third item of damages stated, *viz.,* "the loss of earning power." It is clear, we think, that the jury was told in express and unqualified language that they might, in assessing damages, take into

consideration the expenses to which the plaintiff had been subjected to by reason of the injuries complained ·of. The testimony incidently discloses that plaintiff had two doctors at Minot, and was confined in the hospital at that place for three weeks; that he was removed to Rochester, Minnesota, where an operation was performed on his leg, and where he was confined in a hospital for six weeks. It is quite natural and probable, therefore, that the jury in fixing the damages considered these matters. At least we cannot, in the light of the instruction aforesaid, presume that they did not do so, nor have we any right to assume that they allowed for such expenses merely nominal damages. As very correctly argued by appellant's counsel: "The jury is told that damages for personal injury consist of three *principal* items, and that the first principal item is the expense to which the injured person is subjected by reason of the injury. The question of the expense to which the plaintiff would be put by reason of injury is made of primary importance. This form of instruction would allow the jury to consider loss of time, medicine, nursing, cost of mechanical therapeutic devices, railroad fare to Rochester, Minnesota, surgical dressings from time to time, and the cost of a surgical operation performed on plaintiff's leg at one of the great surgical institutions in the world, the Mayo Hospital at Rochester."

For the error in giving such instruction, the judgment must be reversed and the cause remanded for a new trial. It is so ordered.