WESLEY A. CUMMINGS, Respondent, v. W. V. DELEEN, Appellant.

(203 N. W. 322.)

**Fraud — charge that vendor taking third party's mortgage must prove what he received was worthless held error.**

1. In a suit to recover damages where plaintiff sold defendant a quarter section of land and received, as a part of the purchase price, a transfer of notes and a real property mortgage of a third party upon the representation that such mortgage was a second lien on the premises with a prior encumbrance of only $6000.00, such representation being untrue and the prior encumbrance exceeding $9000.00, and where the court charges the jury that plaintiff must prove that what he received was worthless or fail, it is held, for reasons stated, that the instruction is erroneous, and there must be a new trial.

Opinion filed April 7, 1925.

Fraud, 27 C. J. § 219 p. 77 n. 9; § 243 p. 92 n. 60.

Appeal from the District Court of McLean County, *Coffey, J.*
Reversed.

*McGee & Goss, for appellant.*

In its general and popular meaning, the term insolvency denotes the state of one whose entire property and assets, when converted into money without unreasonable haste or sacrifice, are insufficient to pay his debts. 32 C. J. 805.

We must hold that this state is committed to permitting a liberal and reasonably extended cross examination upon all matters affecting credibility, both generally and as to the specific case, and as concerns motive, interest or bias as a witness whether a defendant or an ordinary witness, and whether the case be civil or criminal. State v. Apley, 25 N. D. 311.

When a subject is opened by direct examination the cross examining counsel may go fully into the details thereof, and is not confined to the particular part of it embodied within the questions asked on direct examination. 28 R. C. L. 446, ¶ 32, note 17; People v. Mullings (Cal.) 17 Am. St. Rep. 223; Boyle v. State (Ind.) 55 Am. Rep. 218; and note in 75 Am. St. Rep. 333.

In those jurisdictions where the board rule prevails, (it does in ours in Apley case and Kent case) the scope of the cross examination is determined regardless of the extent of the direct examination, and is limited only by the subject matter at issue and the general rules governing cross examination. Note in 75 Am. St. Rep. 333.

*J. E. Nelson* and *Scott Cameron,* for respondent.

Johnson, J.   This is an appeal from a judgment of the District Court of McLean county and from an order of the trial court denying defendant's motion for judgment notwithstanding the verdict, or for a new trial.   Deleen appeals.   The action against the co-defendant was dismissed.

The plaintiff was, in June, 1921, and for some time prior thereto had been, the owner of the SE¼ of Sec. 31, Twp. 149 N. of R. 87 W. of 5 P. M., McLean county, North Dakota, and the defendants Deleen and Connors were cashier and president, respectively, of the Roseglen State Bank.   The plaintiff had transacted at least a part of his banking business with that bank.   In May, 1921, the plaintiff indi-

cated a desire to sell his land. Conferences were had between plaintiff and the defendants and on June 1, 1921, the defendants came to the home of the plaintiff, and a conveyance was drawn, by which the plaintiff and his wife executed a deed transferring the premises described to the defendant Deleen, appellant herein. The total purchase price was $4500.00; the grantees assumed a first mortgage of $2000.00 on the premises and the balance of $2500.00 was paid by the grantee in the form of a note and mortgage in the sum of $2500.00, executed by Edward R. Brumwell, Byron J. Brumwell and Ida Brumwell, wife of Byron J. Brumwell. The mortgage assigned to the plaintiff under this arrangement covered the S½ and the NE¼ of Sec. 30, Twp. 149, R. 87 W. of 5 P. M., McLean county. The Brumwell note was endorsed without recourse. The note and the mortgage, together with the assignment, were retained by defendant Deleen, for the reason, as stated, that it might be embarrassing for the Brumwells to know that a neighbor held the instruments. The note and mortgage were dated the 28th day of May, 1921, two or three days prior to the actual delivery thereof of the plaintiff. It appears that a payment of $500.00 was subsequently made.

The plaintiff alleges in the complaint that he was induced to enter into the foregoing arrangement with the defendants Deleen and Connors upon the false and fraudulent representations that the note constituted what is known as first class or bankable paper and that the mortgage securing the said note was a second mortgage on the premises, subject to but one prior incumbrance of not exceeding $6000.00. It is alleged that the plaintiff believed these representations and in reliance thereon, and not otherwise, accepted the note and the assignment of the mortgage in payment of the remainder of the purchase price of the land. It is then alleged that there was, in point of fact, an incumbrance of about $12,000.00 upon the land; that the mortgage was not a second mortgage; that the Brumwells were insolvent and that the note against them could not be collected and that a judgment could not be enforced against them; that the defendants knew these facts, but notwithstanding misled and deceived the plaintiff, with the result that he entered into the engagement described. Plaintiff then prays judgment against the defendants and each of them for the sum of

$2000.00, with interest thereon at 6% from the first day of June, 1921, that being the date on which the arrangement was perfected.

It is not necessary to set out the answer. It denies generally the allegations of the complaint as to the fraud and deceit and the insolvency of the Brumwells and the worthlessness of the paper endorsed and assigned to the plaintiff when the land was sold.

. The principal, in fact the main, issues submitted to the jury and litigated below were the insolvency of the Brumwells and the value of the note and mortgage endorsed and assigned to the plaintiff when the deal was made. It was the theory of the plaintiff at the trial that the Brumwells were insolvent and that the paper was worthless; that fraud and deceit were practised upon him by the defendants and that, therefore, he was entitled to recover the full amount of the damage caused by the fraud, namely the balance of the consideration, $2000.00, and interest.

Appellant assigns numerous errors, the most serious of which pertains to the instructions on the measure of damages. The court told the jury that if they found for the plaintiff the verdict *must* be for $2000.00 and interest. The complaint against this instruction is that it does not permit the jury to consider the evidence as to the actual value of the equity in the property covered by the mortgage assigned to the plaintiff, and that this is error because the evidence on this point is in dispute, and does in fact show that it had some value. Some of the witnesses testified that the property was worth less than the prior incumbrances, while others testified that the property was worth substantially more, leaving an equity, which, if sold under foreclosure of the mortgage assigned to the plaintiff, would very substantially reduce, if not altogether extinguish, the indebtedness. The instruction excepted to is as follows: "If you find a verdict for the plaintiff in this case, it should be for the sum of $2000.00 and interest at the rate of 6% per annum from the 1st day of June, 1921." The sentence quoted is near the end of the charge. A few moments before the court had said: "It is not sufficient in this case, gentlemen of the jury, that you find that fraudulent representations were made by the defendants, but the plaintiff is required also to show that he was damaged; that the *notes in question were of no value and that the said Brumwells were insolvent.* .  .  . The plaintiff can not recover in

this case upon the sole basis of fraudulent representation but he must show that there was damage to him in addition, that the *papers which he received were of no value;* that the Brumwells were insolvent. The burden of proving these facts rests upon the plaintiff." Again, just before giving the instruction complained of, the court said: "The plaintiff in this case has sued to recover money and he bases that recovery—his right to recover upon the allegation that what he received was of *no value* and that he is asking for a judgment for the sum of $2000.00".

Section 7151, Comp. Laws 1913, defines the measure of damages for the breach of an agreement to convey real estate as the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the breach, and the expenses properly incurred in examining title, with interest from the time of the breach. It is the rule in this state that the plaintiff, in a suit to recover damages on account of fraud, is entitled to recover as damages the difference between the value of what he would have obtained, had the representations been true, and the value of what he did in fact receive. Fargo Gas & Coke Co. v. Fargo Gas & E. Co. 4 N. D. 219, 37 L.R.A. 593, 59 N. W. 1066. Such a measure represents the actual loss sustained by reason of the fraud. See Minneapolis Threshing Mach. Co. v. Huncovsky, 49 N. D. 1086, 194 N. W. 830. As has been heretofore pointed out, the court told the jury that plaintiff could not recover unless it proved that the notes and the mortgage were valueless and the Brumwells insolvent. The instruction is palpably erroneous. The record does not clearly disclose whether prejudice did or did not result from this error in the charge. We have serious doubt upon the subject. There is room for the argument that the court laid upon the plaintiff an excessive burden in directing the jury, in effect, to find for the defendants unless they were satisfied that the papers were of no value, and that, therefore, the defendants could not have been prejudiced by the mistake in the instructions. The rule is settled in this state that an instruction which mistakes the law as applied to the issues and the proof is fatal to recovery unless it affirmatively appears that it was not prejudicial. Swords v. McDonell, 31 N. D. 494, 154 N. W. 258. In the case at bar the court incorrectly stated the rule as to the measure of damages. After careful consideration of the record, we do not feel

justified in holding that the misdirection could not have been prejudicial. We cannot say that the same verdict would have been returned had the court correctly stated the rule as to the measure of damages. As a practical matter, the jury might well have felt that the papers had some value, but nevertheless been disinclined to deny recovery altogether, especially if they were of the opinion that plaintiff had suffered substantial damages.

We have examined the other errors assigned and find them without substantial merit. It is not deemed necessary to extend this opinion further by discussing them at length.

The judgment is reversed and a new trial is ordered.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.