Cesar MEVORAH and Martin Sills, Individually and as co-partners doing business under the firm name and style of Irving's Tractor Lug Company, Plaintiffs and Respondents,

v.

Irving GOODMAN and Stanley Goodman, Individually and as co-partners, Defendants and Appellants.

No. 7478.

Supreme Court of North Dakota.

Feb. 4, 1955.

Rehearing Denied Feb. 21, 1955.

Hyland, Foster & Conmy, Bismarck, and Sgutt & Wegner, Fargo, for plaintiffs and respondents.

Lanier, Lanier & Knox and Aaron Aronson, Fargo, for defendants and appellants.

MORRIS, Judge.

This is an appeal by the defendants from a judgment rendered in an action to recover damages for the conversion of personal property. On June 23, 1950, the plaintiffs, as purchasers, and the defend-

ants, as sellers, entered into a conditional sales contract whereby the plaintiffs purchased the business known as Irving's Tractor Lug Company operated by the defendants. The consideration was $100,000, of which $5,000 was paid in cash. Title to the stock of goods consisting of new, reconditioned, and used parts for tractors and agricultural implements was retained by the defendants until all the purchase price was paid. The plaintiffs took possession July 1, 1950, and operated the business until February 5, 1951, when the defendants seized possession of the place of business which was located in Fargo, North Dakota, and the supplies, goods, and equipment connected therewith and served notice on the plaintiffs that the conditional sales contract was declared breached, the sums paid thereon forfeited for liquidated damages, and the lease provisions for the premises contained in the contract terminated. At the time of seizure the unpaid balance of the purchase price was $83,000. On February 17, 1951, a temporary receiver was appointed. This appointment was vacated by the court on March 15, 1951, whereupon the defendants again took possession of the place of business in Fargo and the supplies and stock of goods remaining therein. Included in this stock was certain merchandise purchased by the plaintiffs from persons other than the defendants and added to the stock between July 1, 1950, and the date of seizure on February 5, 1951.

The plaintiffs' complaint originally contained four causes of action. The third was dismissed by stipulation. A trial was had on the remaining three causes of action, resulting in a substantial verdict in favor of the plaintiffs on each. From a judgment entered pursuant to these verdicts, the defendants appealed to this court. We affirm the judgment with respect to the first cause of action. We reversed the judgment and granted a new trial on the second and fourth causes of action in an opinion set forth in N.D., 60 N.W.2d 581. Upon the trial of the second and fourth causes of action substantial verdicts were again rendered in favor of the plaintiffs.

The defendants made a motion for a new trial, which was denied. From the judgment rendered on the verdicts and from the order denying a new trial, the defendants again appeal to this court.

In the second cause of action the plaintiffs seek $4,500 damages for the conversion of new merchandise which they had bought and added to the stock while they were in possession prior to the repossession of the business by the defendants.

In the fourth cause of action the plaintiffs seek damages in the sum of $57,000 for the conversion of the goods on hand that they had purchased from the defendants under the conditional sales contract and which was seized by the defendants February 5, 1951. The unlawful seizure and conversion have been clearly established and are no longer contested by the defendants. The issues now remaining arise from disputes as to the quantity and value of the new merchandise involved in the second cause of action and the old merchandise involved in the fourth cause of action.

The defendants and appellants assign twenty specifications of error. Some are not argued in their brief and are therefore deemed abandoned. Some are wholly without merit or are insufficiently stated and require no discussion. We devote our attention to those that have been earnestly pressed and are of sufficient merit and importance to require consideration here.

The defendants objected to the admission in evidence of Exhibit 8 prepared by Sills which contains a list of the personal property that the plaintiffs contend they purchased and placed in stock between the time they took over the business on July 1, 1950, and the time of the conversion on February 5, 1951. This is the merchandise for which recovery is sought in the second cause of action. The property is itemized in this exhibit and after the items listed appears a column showing the unit price and another column showing the total. These figures, according to Sills' testimony, represent the lowest wholesale replacement cost and show that the total re-

placement cost of the goods claimed to have been converted under the second cause of action amounted to $2,235.80. The witness also stated that he had available in court the price lists and catalogs from wholesalers that would show the wholesale replacement cost to be the figures in the exhibit. The admissibility of this exhibit will be further considered with that of Exhibit 9, which is another list that the plaintiffs claim shows the quantity, items, unit prices, and total cost of the merchandise which the plaintiffs contend was a part of the stock they purchased from the Goodmans and which the Goodmans also repossessed and converted on February 5, 1951. The admission of Exhibit 9 in evidence over the objection of the defendants is vigorously asserted to be prejudicial error.

Exhibit 9 is similar to 8. It is a compilation containing the quantities and names of various items of merchandise with columns indicating unit prices and totals. It pertains to merchandise that the plaintiffs claim was converted by the defendants as set forth in the fourth cause of action. It was offered in evidence during the course of the examination of the witness Sills. He testified as an owner and a person of considerable experience and knowledge as to the values involved. He stated that it was a compilation made from six other exhibits that were already in evidence, to which were added certain specific items which the witness testified had not been included in the other exhibits but which the plaintiffs claimed had been a part of the stock of merchandise wrongfully seized by the defendants. After the contents of Exhibit 9 had been thus identified and it had been explained by the witness that the prices therein contained were wholesale replacement values as of the date of conversion, the exhibit was offered in evidence and objected to on the ground that it was a self-serving conclusion, not the best evidence, and was a summary sheet totally lacking in foundation. Counsel for both parties discussed the exhibit with the court and counsel for defendants said:

"If all counsel wants is just this witness as the owner to state in his opinion the wholesale value, we have no objection."

With the permission of the court and without further objection, plaintiffs' counsel then asked the witness:

"Will you give us your opinion as an owner of the wholesale or replacement cost value of all the goods described in Plaintiffs' Exhibit 9?"

To which the witness replied:

"The wholesale value would be $131,440.12."

Counsel for defendants still pressed his objection to the admission of Exhibit 9 and said:

"My objection does not go to the quantity, only the prices listed in it."

The court then overruled the objection to the exhibit. Thereafter a further colloquy occurred between the court and counsel for both parties, in which the following appears:

"Mr. Lanier:—I only request that counsel give me the catalogs from which he has made this compilation so I can see them, to which I am entitled.

"The Court: It is understood, that was covered in the testimony before recess that counsel would have available for examination,—I mean the witness would have available for examination by counsel the catalogs.

"Mr. Conmy: I have them right here.

"Mr. Lanier: All right. I don't require you to put them into evidence so long as I can see and examine them for the purposes of cross-examination."

It is not claimed that it was error for the witness Sills to testify that the total wholesale replacement value of the merchandise involved in plaintiffs' second cause of ac-

tion was $2,235.80 and that of the merchandise involved in the fourth cause of action was $131,440.12. No objection was made as to the quantity shown in Exhibit 9. Both Exhibits 8 and 9 are detailed listings of the quantities, items, and values making up the total testified to by Sills with respect to each of the two causes of action in dispute. According to the testimony of the witness, they are for the most part summaries of inventories which were already in evidence, together with a few items that the plaintiffs contended had been omitted from these inventories. Under the second cause of action the plaintiffs claimed the conversion of over two hundred items and under the fourth cause of action something like four thousand items. Under each item are listed quantities or units varying in number from one to several hundred. Wigmore on Evidence, Third Edition, Section 1230, states this rule:

"Where a fact could be ascertained only by the inspection of a large number of documents made up of very *numerous detailed statements*—as, the net balance resulting from a year's vouchers of a treasurer or a year's accounts in a bank-ledger—it is obvious that it would often be practically out of the question to apply the present principle by requiring the production of the entire mass of documents and entries to be perused by the jury or read aloud to them. The convenience of trials demands that other evidence be allowed to be offered, in the shape of the testimony of a competent witness who has perused the entire mass and will state summarily the net result. Such a practice is well established to be proper.

"Most Courts require, as a condition, that the mass thus summarily testified to shall, if the occasion seems to require it, be placed at hand in court, or at least be made accessible to the opposing party, in order that the correctness of the evidence may be tested by inspection if desired, or that the material for cross-examination may be available: * * *."

This was the rule followed in principle by the trial court.

A case in point is Casey v. Ballou Banking Co., 98 Iowa 107, 67 N.W. 98, which involved the conversion of a stock of merchandise. It was there held to be within the discretion of the trial court to admit in evidence an itemized schedule of the stock of goods showing the market prices of the several items making up the total amount that the witness said was the worth of the entire stock claimed to have been converted. The rule that we have been considering is one of practicality and the trial court has considerable discretion in its application. Under the facts here disclosed it is clear that the court did not abuse that discretion and committed no error in admitting in evidence Exhibits 8 and 9.

The defendants attempt to specify as error that "The Court erred in denying defendants' examination and offer of proof as to Exhibit 9." This specification is too general and indefinite to require consideration but since it refers to controversial Exhibit 9 we have examined the three pages of the transcript referred to by defendants' counsel in connection therewith and find no offer of proof. There does appear, however, what purports to be a question asked for the purpose of impeachment, to which the trial court properly sustained an objection that a foundation for impeachment of the witness under examination had not been laid.

After instructing the jury with respect to the second cause of action to the effect that the amount of damage or detriment suffered by the plaintiffs was what it would have cost them to replace the converted goods, or in other words, their market value, the court said:

"That would include the price then charged by manufacturers, wholesalers or jobbers for such items of merchandise, including the cost of transporting same, if any, to plaintiffs' place of business in Fargo, North Dakota, promptly after February 5, 1951."

There was no evidence of the cost of transportation, nor was it mentioned in the pleadings. The defendants contend that this instruction permitted the jury to include in the damages found against the defendants an uncertain and unspecified sum based entirely upon speculation and not upon the evidence. As a statement of law usually applicable in such cases the instruction is correct. The difficulty is that the part pertaining to transportation has no application to the facts in this case. The defendants cite Swords v. McDonell, 31 N.D. 494, 154 N.W. 258, 260. That case involved personal injuries. It was there held that where special damages are neither alleged nor proved, it was prejudicial error to instruct the jury that "damages for a personal injury consist of three principal items: First, the expense which the injured person is subjected to by reason of the injury complained of." In that case the testimony showed that the plaintiff had two doctors and was confined in the hospital for three weeks at Minot and later was removed to Rochester, Minnesota, where an operation was performed and he was confined in the hospital for an additional six weeks. There was no evidence from which the jury could determine the amount of the plaintiff's expenses. Under those circumstances it appears that there was no way to tell to what extent, if at all, the jury speculated as to the amount of the plaintiff's expenses or whether they were included in the verdict. The facts here are substantially different from those involved in that case. The court used the term "if any" in referring to the cost of transportation. There was no evidence whence the goods came or from whom they were purchased. Under the facts in this case there was no opportunity for the jury to speculate and there was no invitation to speculate contained in the instruction. That part of the instruction pertaining to transportation, although wholly superfluous, was not prejudicially erroneous.

■ In support of their motion for a new trial, the defendants assert that the evidence is insufficient to justify the verdict of the jury and that the damages awarded were so unreasonable and excessive as to indicate that the verdict was rendered under the influence of passion and prejudice on the part of the jury. These grounds being somewhat factually interrelated will be considered together. In Hochstetler v. Graber, 78 N.D. 90, 48 N.W.2d 15, 18, we said:

"This court has many times, and in different ways, stated the rule that whether a new trial shall be granted rests largely within the sound judicial discretion of the trial court, and unless an abuse of that discretion is shown the action of the trial court will not be disturbed on appeal. Among our more recent cases supporting this rule are State v. Hummel, 73 N.D. 308, 14 N.W.2d 368; Haslam v. Babcock, 71 N.D. 363, 1 N.W.2d 335, and Froh v. Hein, 76 N.D. 701, 39 N.W.2d 11. The trial court considered the sufficiency of the evidence and, in denying a new trial, confirmed the verdict of the jury. When the verdict is attacked in this court and the evidence, though conflicting, is legally sufficient to sustain the verdict under the instructions of the trial court, the verdict and judgment will not be disturbed."

Other recent cases to the same effect are: Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240; Mann v. Policyholders' National Life Ins. Co., 78 N.D. 724, 51 N.W.2d 853; McDermott v. Sway, 78 N.D. 521, 50 N.W.2d 235; Kohler v. Stephens, 74 N.D. 655, 24 N.W.2d 64.

There is no question in this case but that a conversion took place and that the subject of the conversion was a stock of merchandise consisting in part of new goods acquired by Mevorah and Sills after they purchased and took possession of the business and the remaining and larger portion of the stock of goods that had been originally purchased from the defendants under the conditional sales contract. The contested issues involved the quantity and value of the goods converted. The evidence on these issues is conflicting and ir-

reconcilable. That the plaintiffs are entitled to a recovery is certain. Uncertainty pertains only to the amount. This is a case in which Section 28–1902, paragraph 5, NDRC 1943 is particularly applicable. Under it a verdict may be vacated and a new trial granted for

"excessive damages appearing to have been given under the influence of passion or prejudice, but when a new trial is asked for on this ground and it appears that the passion and prejudice affected only the amount of damages allowed and did not influence the findings of the jury on other issues in the case, the trial court, on hearing the motion, and the supreme court, on appeal, shall have power to order a reduction of the verdict in lieu of a new trial, or to order that a new trial be had unless the party in whose favor the verdict was given remits the excess of damages; * * *."

In Loveland v. Nieters, N.D., 54 N.W.2d 533, 539, we said:

"A motion for a new trial on such ground involves consideration of the evidence and implies a duty on the part of the court to whom the motion is addressed to weigh the evidence."

And in Leonard v. North Dakota Co-Operative Wool Marketing Ass'n, 72 N.D. 310, 6 N.W.2d 576, 584, we said:

"The purpose of an award of damages is to compensate for an injury. It is for the jury to determine that compensation within reasonable limits. If those limits have been exceeded by the jury it is the duty of the court to make a proper reduction or grant a new trial."

In the previous trial in this case, N.D., 60 N.W.2d 581, the jury returned a verdict on the second cause of action for $4,000 which the court reduced to $2,200. On the second trial, which is now under review, the jury returned a verdict of $1,750, which the court found not to be excessive. After a review of the evidence we have come to the conclusion that the trial court did not abuse his discretion in so finding.

At the first trial of the fourth cause of action the verdict was $33,660, which the court reduced to $19,700. Upon the second trial of the fourth cause of action the jury returned a verdict of $26,900 damages, which the court found was excessive and granted a new trial upon the fourth cause of action, unless the plaintiffs should file a remission within ten days reducing the verdict to $22,333. The court also found that it appeared affirmatively that the passion or prejudice of the jury affected only the amount of damages allowed and did not influence the jury's findings on other issues or other causes of action. The plaintiffs' filed the remission and judgment was entered accordingly.

Upon the first trial the jury found substantial verdicts in favor of the plaintiffs on both causes of action. The judgment was reversed and a new trial granted because of the admission of evidence of retail value unaccompanied by other evidence showing factors included in the retail value which would permit the jury to eliminate therefrom that portion which did not represent the value of the stock of goods in bulk or in conveniently salable lots. The measure of damages to be applied under the instructions of the court in both trials was the same. In the second trial there was no evidence of retail value but instead evidence was introduced of wholesale replacement values as of the date of the conversion. In other respects the evidence in both trials was substantially the same.

Upon a motion for new trial upon the ground of excessive damages appearing to have been given under the influence of passion and prejudice, it was proper for the trial court, and it is proper for this court on appeal, to consider the fact that substantial verdicts were rendered on both causes of action in the prior trial. Regenvetter v. Ball, 131 Wash. 155, 229 P. 321.

A new trial is a reexamination of the facts. Section 28–1901 NDRC 1943. Two juries have passed upon the facts and

the trial court has in each instance determined that the evidence was sufficient to support the verdicts. The verdict in the second trial with respect to each cause of action was substantially less than that rendered on the former trial. The trial court in the exercise of his judicial discretion has upheld the full award of the jury as to the first cause of action. As to the second cause of action he reduced the amount but nevertheless determined that the evidence was sufficient to sustain the verdict. In so doing he did not abuse his discretion. See In re Sperl's Estate, 100 Minn. 198, 110 N.W. 853; Ladwig v. Supreme Assembly Equitable Fraternal Union, 125 Minn. 72, 145 N.W. 798; Abramowitz v. Continental Insurance Company, 170 Minn. 215, 212 N.W. 449; Adkins v. Philadelphia, Trenton & Chester Company, 150 A. 210, 8 N.J. Misc. 329; 39 Am.Jur., New Trial, Section 16; 66 C.J.S., New Trial, § 76e.

Our review of the record leads us to the conclusion that the trial judge was warranted in the action taken with respect to both the second and fourth causes of action. The judgment and order appealed from are affirmed.

BURKE, C. J., and SATHRE, JOHNSON and GRIMSON, JJ., concur.